THE STATE EX REL. COLLINS, APPELLANT, *v.* LEONARD, WARDEN, APPELLEE.

[Cite as *State ex rel. Collins v. Leonard* (1997), ___ Ohio St.3d ___.]

*Criminal law — Failure to comply with R.C. 2945.06 may be remedied only in a direct appeal from a criminal conviction — Claimed violation of R.C. 2945.06 is not the proper subject for habeas corpus relief.*

(No. 97-1351 — Submitted December 3, 1997 — Decided December 31, 1997.)

APPEAL from the Court of Appeals for Allen County, No. 1-97-27.

In 1977, a three-judge panel of the Auglaize County Court of Common Pleas convicted appellant, Robert Collins, of aggravated murder and sentenced him to prison "for the rest of his natural life * * *." In 1997, Collins filed a petition in the Court of Appeals for Allen County for a writ of habeas corpus to compel appellee, Allen Correctional Institution Warden Michael A. Leonard, to release him from prison. Collins claimed that the common pleas court lacked jurisdiction to convict him of aggravated murder and sentence him to life in prison because the court failed to comply with R.C. 2945.06's requirement that the three-judge panel examine the witnesses when an accused charged with an offense punishable with death pleads guilty to aggravated murder. The court of appeals dismissed the petition because Collins had an adequate remedy in the ordinary course of the law to raise his allegations.

This cause is now before the court upon an appeal as of right.

_____

*Robert E. Collins*, pro se.

*Betty D. Montgomery*, Attorney General, and *Donald Gary Keyser*, Assistant Attorney General, for appellee.

_____

***Per Curiam.***   Collins asserts in his propositions of law that the court of appeals erred in dismissing his habeas corpus petition because his trial court lacked jurisdiction to convict and sentence him after it failed to comply with R.C. 2945.06.  R.C. 2945.06 specifies certain requirements "[i]n any case in which a defendant waives his right to trial by jury and elects to be tried by the court under section 2945.05 of the Revised Code."   R.C. 2945.05 and 2945.06 must consequently be construed *in pari materia*.  See, *e.g., State ex rel. Larkins v. Baker* (1995), 73 Ohio St.3d 658, 659-660, 653 N.E.2d 701, 703.

We hold that an alleged violation of R.C. 2945.06 is not a proper subject for habeas corpus relief and may be remedied only in a direct appeal from a criminal conviction.  See, *e.g., Jackson v. Rose* (1997), 79 Ohio St.3d 51, 679 N.E.2d 684; *State v. Pless* (1996), 74 Ohio St.3d 333, 658 N.E.2d 766, paragraph two of the syllabus; see, also, *State v. Post* (1987), 32 Ohio St.3d 380, 393, 513 N.E.2d 754, 767, where we addressed a claimed violation of R.C. 2945.06 in a direct appeal from a criminal conviction.  In addition, we have never held that the failure to comply with the R.C. 2945.06 witness-examination requirement is a jurisdictional defect.  Cf. *Pless*.

Based on the foregoing, the court of appeals properly dismissed the petition.  Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

2