THE STATE EX REL. JACKSON, APPELLANT, *v.* CALLAHAN, JUDGE, APPELLEE.

[Cite as *State ex rel. Jackson v. Callahan* (1999), 86 Ohio St.3d 73.]

(No. 98–2625—Submitted May 4, 1999—Decided July 7, 1999.)

*Gregory Jackson,* pro se.

*William D. Mason,* Cuyahoga County Prosecuting Attorney, and *L. Christopher Frey,* Assistant Prosecuting Attorney, for appellee.

***Per Curiam.*** Jackson asserts in his propositions of law that the court of appeals erred in denying the writ of prohibition. For the following reasons, Jackson's assertions lack merit.

Habeas corpus is the appropriate remedy for persons claiming entitlement to release from prison. *State ex rel. Dix v. McAllister* (1998), 81 Ohio St.3d 107, 108, 689 N.E.2d 561, 563. Therefore, Jackson is not entitled to a writ of prohibition to achieve the same result. " 'A contrary holding would permit inmates seeking immediate release from prison to employ [prohibition or] mandamus to circumvent the statutory pleading requirements for instituting a habeas corpus action, *i.e.,* attachment of commitment papers and verification.' "

*State ex rel. Smith v. Yost* (1998), 81 Ohio St.3d 111, 112, 689 N.E.2d 565, 566, quoting *State ex rel. Lemmon v. Ohio Adult Parole Auth.* (1997), 78 Ohio St.3d 186, 188, 677 N.E.2d 347, 349.

In addition, prohibition is not available to challenge the validity or sufficiency of indictments because such a challenge is nonjurisdictional and can be raised on direct appeal. Cf. *State ex rel. Wilcox v. Seidner* (1996), 76 Ohio St.3d 412, 415, 667 N.E.2d 1220, 1222.

Finally, contrary to Jackson's assertions, Judge Callahan's summary judgment evidence established that all three counts of Jackson's indictment were filed in his criminal case.

Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.