[This opinion has been published in *Ohio Official Reports* at 86 Ohio St.3d 73.]

THE STATE EX REL. JACKSON, APPELLANT, *v.* CALLAHAN, JUDGE, APPELLEE.

[Cite as *State ex rel. Jackson v. Callahan*, 1999-Ohio-84.]

*Prohibition—Writ sought to prevent judge of common pleas court from further execution of relator's criminal sentence—Denial of writ affirmed.*

(No. 98-2625—Submitted May 4, 1999—Decided July 7, 1999.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 75246.

————————————

{¶ 1} In October 1997, the Cuyahoga County Court of Common Pleas convicted appellant, Gregory Jackson, of trafficking in cocaine, possession of drugs, and possession of criminal tools, and sentenced him to an aggregate prison term of five years.

{¶ 2} In September 1998, Jackson filed a complaint in the Court of Appeals for Cuyahoga County for a writ of prohibition to prevent appellee, Cuyahoga County Common Pleas Court Judge Kenneth R. Callahan, from further execution of his criminal sentence. Jackson claimed that he could no longer be incarcerated because his trial court lacked jurisdiction to journalize a judgment entry in his criminal case when the second and third counts of his indictment had not been filed. Judge Callahan answered and moved for summary judgment. Attached to his motion was a certified copy of Jackson's criminal case docket, which established that all counts of his indictment had been filed. The court of appeals granted Judge Callahan's motion and denied the writ.

{¶ 3} This cause is now before the court upon an appeal as of right.

————————————

*Gregory Jackson, pro se.*

*William D. Mason*, Cuyahoga County Prosecuting Attorney, and *L. Christopher Frey*, Assistant Prosecuting Attorney, for appellee.

---

*Per Curiam.*

{¶ 4} Jackson asserts in his propositions of law that the court of appeals erred in denying the writ of prohibition. For the following reasons, Jackson's assertions lack merit.

{¶ 5} Habeas corpus is the appropriate remedy for persons claiming entitlement to release from prison. *State ex rel. Dix v. McAllister* (1998), 81 Ohio St.3d 107, 108, 689 N.E.2d 561, 563. Therefore, Jackson is not entitled to a writ of prohibition to achieve the same result. " 'A contrary holding would permit inmates seeking immediate release from prison to employ [prohibition or] mandamus to circumvent the statutory pleading requirements for instituting a habeas corpus action, *i.e.*, attachment of commitment papers and verification.' " *State ex rel. Smith v. Yost* (1998), 81 Ohio St.3d 111, 112, 689 N.E.2d 565, 566, quoting *State ex rel. Lemmon v. Ohio Adult Parole Auth.* (1997), 78 Ohio St.3d 186, 188, 677 N.E.2d 347, 349.

{¶ 6} In addition, prohibition is not available to challenge the validity or sufficiency of indictments because such a challenge is nonjurisdictional and can be raised on direct appeal. Cf. *State ex rel. Wilcox v. Seidner* (1996), 76 Ohio St.3d 412, 415, 667 N.E.2d 1220, 1222.

{¶ 7} Finally, contrary to Jackson's assertions, Judge Callahan's summary judgment evidence established that all three counts of Jackson's indictment were filed in his criminal case.

{¶ 8} Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

---