OPINION
The instant action in prohibition is presently before this court for consideration of respondent's motion to dismiss, filed on December 2, 1999. As the primary basis for this motion, respondent, Judge John A. Enlow of the Portage County Court of Common Pleas, maintains that the prohibition petition fails to state a viable claim because it does not allege that he is presently exercising jurisdiction over any criminal action involving relator, Delmar V. Kirklin. For the following reasons, we conclude that the motion to dismiss has merit.
In bringing the instant case, relator essentially seeks to challenge the validity of his conviction for aggravated murder in 1989. In his prohibition petition, relator contends that respondent's predecessor on the bench, Judge George A. Martin, lacked the subject matter jurisdiction to accept his guilty plea and impose a life sentence on the aggravated murder charge. This contention is predicated upon the legal argument that, because the aggravated murder charge contained two death penalty specifications, relator's sentence could be imposed only by a three-judge panel.
For his relief, relator has requested that he be "restored" to the position he enjoyed before the life sentence was imposed. Thus, although not expressly stated in relator's petition, he seeks the vacation of his conviction for aggravated murder on the basis of an alleged lack of jurisdiction.
As respondent correctly notes in his motion to dismiss, it is a fundamental tenet of prohibition law that such a writ will be issued only when a judicial officer is preparing to exercise his power. State ex rel. Children's Medical Ctr. v. Brown (1991),59 Ohio St.3d 194. If the officer has already exercised his authority before a prohibition action can be filed, the writ will generally not be granted because the matter is moot. State ex rel.Burich v. Chinnock (Mar. 19, 1998), Cuyahoga App. No. 74067, unreported. This tenet is based upon the proposition that the purpose of a prohibition action is to prevent the assumption of improper jurisdiction, not to correct an error after it has taken place. Children's Medical Ctr.
In light of the foregoing general precedent, the Supreme Court of Ohio has stated that a jail inmate cannot employ an action in prohibition to challenge the propriety of his conviction. InState ex rel. Jackson v. Callahan (1999), 86 Ohio St.3d 73, the jail inmate sought the issuance of the writ to stop the trial judge from further "executing" a criminal sentence which had been rendered one year earlier. The inmate argued that the writ was warranted because the trial judge had lacked the jurisdiction to render the judgment imposing the sentence.
In affirming the dismissal of the prohibition action, theJackson court specifically held that an action in habeas corpus is the proper procedural mechanism through which an inmate can obtain the vacation of his sentence and be released from jail. The court further held that a prohibition action cannot be used as a substitute for a habeas corpus action. The court noted that there are certain requirements in a habeas corpus action which an inmate could circumvent if a prohibition action was allowed to go forward on that basis.
In the instant action, relator readily admits in his petition that his conviction and sentence for aggravated murder was rendered more than ten years ago. Furthermore, our review of his petition indicates that he seeks the vacation of his conviction on the grounds that Judge Martin lacked subject matter jurisdiction. Accordingly, pursuant to Jackson, relator has simply failed to assert the proper claim to obtain the requested relief. Instead of a prohibition action, the merits of relator's jurisdiction argument can be reviewed only in the context of a habeas corpus action.
As relator could not prove any set of facts which would warrant the issuance of a writ of prohibition, the dismissal of the petition is warranted under Civ.R. 12(B) (6). Therefore, respondent's motion to dismiss is granted. It is the order of this court that relator's prohibition petition is hereby dismissed.
 _______________________________________ PRESIDING JUDGE DONALD R. FORD
 _______________________________________ JUDGE JUDITH A. CHRISTLEY
 _______________________________________ JUDGE ROBERT A. NADER