[This opinion has been published in *Ohio Official Reports* at 89 Ohio St.3d 202.]

BROOKS, APPELLANT, *v.* GAUL, JUDGE, APPELLEE.

[Cite as *Brooks v. Gaul*, 2000-Ohio-133.]

*Prohibition—Writ sought to prevent common pleas court judge from enforcing relator's conviction of aggravated murder and from sentencing relator to life imprisonment—Dismissal of complaint by court of appeals affirmed.*

(No. 99-2136—Submitted April 10, 2000—Decided June 21, 2000.)

APPEAL from the Court of Appeals for Cuyahoga County, No. 76937.

_____

{¶ 1} In 1994, the Cuyahoga County Court of Common Pleas convicted appellant, Charles Brooks, of aggravated murder upon a jury verdict and sentenced him to life imprisonment. The court of appeals affirmed the judgment. *State v. Brooks* (Aug. 31, 1995), Cuyahoga App. No. 67870, unreported, 1995 WL 517091.

{¶ 2} In September 1999, Brooks filed a complaint in the Court of Appeals for Cuyahoga County for a writ of prohibition to prevent appellee, Cuyahoga County Common Pleas Court Judge Daniel Gaul, from enforcing Brooks's conviction and sentence. Brooks claimed that the trial court lacked jurisdiction to convict and sentence him because it allowed the jury to consider evidence that had not been admitted, including a 911 tape, and it instructed the jury to consider only four verdicts, which did not include a requested self-defense instruction. Judge Gaul filed a motion to dismiss Brooks's complaint, and on November 4, 1999, the court of appeals granted the motion and dismissed the complaint.

{¶ 3} This cause is now before the court upon an appeal as of right.

_____

*Charles Brooks*, *pro se*.

_____

***Per Curiam.***

**{¶ 4}** Brooks claims that the court of appeals erred in dismissing his prohibition action. For the following reasons, this claim lacks merit.

**{¶ 5}** In the absence of a patent and unambiguous lack of jurisdiction, a court having general subject-matter jurisdiction can determine its own jurisdiction, and a party challenging that jurisdiction has an adequate remedy at law by appeal. *Page v. Riley* (1999), 85 Ohio St.3d 621, 623, 710 N.E.2d 690, 692. Prohibition will not issue as a substitute for appeal to review mere errors in judgment. *Berthelot v. Dezso* (1999), 86 Ohio St.3d 257, 259, 714 N.E.2d 888, 890.

**{¶ 6}** Therefore, Brooks had an adequate remedy by appeal to raise his claims on appeal, and he is precluded from raising them by extraordinary writ. See *State ex rel. Poore v. Mayer* (1964), 176 Ohio St. 78, 79, 26 O.O.2d 375, 376, 197 N.E.2d 557, 558 (prohibition unavailable to challenge erroneous ruling on the admissibility of evidence); *Smith v. Mitchell* (1998), 80 Ohio St.3d 624, 625, 687 N.E.2d 749, 750 (claims of erroneous jury instructions and verdict forms should have been raised on direct appeal rather than in action for habeas corpus).

**{¶ 7}** In addition, as the court of appeals noted, the partial transcript attached to Brooks's complaint established that the 911 tape *was* admitted into evidence, so that Judge Gaul did not err in permitting the jury to consider it during its deliberations.

**{¶ 8}** Finally, because it is evident that Brooks seeks release from prison, he should have raised these claims in a habeas corpus action instead of by way of prohibition. See *State ex rel. Jackson v. Callahan* (1999), 86 Ohio St.3d 73, 711 N.E.2d 686.

**{¶ 9}** Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

January Term, 2000

_____