KIRKLIN, APPELLANT, *v.* ENLOW, JUDGE, APPELLEE.

[Cite as *Kirklin v. Enlow* (2000), 89 Ohio St.3d 455.]

(No. 00–280—Submitted May 23, 2000—Decided August 16, 2000.)

*Delmar V. Kirklin,* pro se.

*Victor V. Vigluicci,* Portage County Prosecuting Attorney, and *Kelli K. Norman,* Assistant Prosecuting Attorney, for appellee.

***Per Curiam.*** Kirklin asserts that the court of appeals erred in dismissing his prohibition action because the trial court lacked jurisdiction to convict and sentence him after it failed to comply with R.C. 2945.06. For the following reasons, Kirklin's claim lacks merit.

An alleged violation of R.C. 2945.06 is not cognizable in an extraordinary writ action and may be remedied only in a direct appeal from a criminal conviction. *State ex rel. Collins v. Leonard* (1997), 80 Ohio St.3d 477, 478, 687 N.E.2d 443,

443–444; *Jackson v. Rose* (1997), 79 Ohio St.3d 51, 679 N.E.2d 684; *State v. Pless* (1996), 74 Ohio St.3d 333, 658 N.E.2d 766, paragraph two of the syllabus.

In addition, habeas corpus, rather than prohibition, is the appropriate remedy for persons claiming entitlement to release from prison. *State ex rel. Jackson v. Callahan* (1999), 86 Ohio St.3d 73, 711 N.E.2d 686. Consequently, Kirklin is not entitled to a writ of prohibition to achieve the same result.

Based on the foregoing, the court of appeals did not err in dismissing Kirklin's prohibition complaint. Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.