[This opinion has been published in *Ohio Official Reports* at 89 Ohio St.3d 455.]

KIRKLIN, APPELLANT, *v.* ENLOW, JUDGE, APPELLEE.

[Cite as *Kirklin v. Enlow*, 2000-Ohio-217.]

*Prohibition—Writ sought to compel judge of common pleas court to vacate relator's convictions and sentence—Dismissal of complaint by court of appeals affirmed.*

(No. 00-280—Submitted May 23, 2000—Decided August 16, 2000.)

APPEAL from the Court of Appeals for Portage County, No. 99-P-0097.

———————————

{¶ 1} In April 1989, the Portage County Court of Common Pleas convicted appellant, Delmar V. Kirklin, of aggravated murder, kidnapping, and various specifications, and sentenced him to life in prison and additional prison terms to be served consecutively to the life sentence. Judge George E. Martin presided over Kirklin's trial. Kirklin had pled guilty to the offenses and specifications after being informed that he would receive a maximum term of life imprisonment for the aggravated murder charge.

{¶ 2} In October 1999, Kirklin filed a complaint in the Court of Appeals for Portage County for a writ of prohibition to compel Judge Martin to vacate his convictions and sentence. Kirklin claimed that Judge Martin violated R.C. 2945.06 by not trying the case before a three-judge panel. Appellee, Judge John A. Enlow, the successor to Judge Martin, filed a motion to dismiss. The court of appeals granted Judge Enlow's motion and dismissed the complaint.

{¶ 3} This cause is now before the court upon an appeal as of right.

———————————

*Delmar V. Kirklin*, pro se.

*Victor V. Vigluicci*, Portage County Prosecuting Attorney, and *Kelli K. Norman*, Assistant Prosecuting Attorney, for appellee.

————————————

*Per Curiam.*

{¶ 4} Kirklin asserts that the court of appeals erred in dismissing his prohibition action because the trial court lacked jurisdiction to convict and sentence him after it failed to comply with R.C. 2945.06. For the following reasons, Kirklin's claim lacks merit.

{¶ 5} An alleged violation of R.C. 2945.06 is not cognizable in an extraordinary writ action and may be remedied only in a direct appeal from a criminal conviction. *State ex rel. Collins v. Leonard* (1997), 80 Ohio St.3d 477, 478, 687 N.E.2d 443, 443-444; *Jackson v. Rose* (1997), 79 Ohio St.3d 51, 679 N.E.2d 684; *State v. Pless* (1996), 74 Ohio St.3d 333, 658 N.E.2d 766, paragraph two of the syllabus.

{¶ 6} In addition, habeas corpus, rather than prohibition, is the appropriate remedy for persons claiming entitlement to release from prison. *State ex rel. Jackson v. Callahan* (1999), 86 Ohio St.3d 73, 711 N.E.2d 686. Consequently, Kirklin is not entitled to a writ of prohibition to achieve the same result.

{¶ 7} Based on the foregoing, the court of appeals did not err in dismissing Kirklin's prohibition complaint. Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————