OPINION
Defendant, Jeff Reed, appeals from a decision of the trial court denying his motion to withdraw his guilty plea.
On July 24, 1978, as part of a negotiated plea agreement, Defendant pled guilty in Clark County Common Pleas Court to aggravated murder with one specification, and felonious assault. In exchange, the State dismissed seven other charges. The trial court sentenced Defendant to life imprisonment on the aggravated murder charge and five to fifteen years imprisonment for felonious assault, the sentences to be served consecutively.
No direct appeal was taken by Defendant from his conviction and sentence. On September 23, 1996, Defendant filed a petition for post-conviction relief in the trial court pursuant to R.C. 2953.21. The trial court overruled Defendant's petition for post-conviction relief on July 3, 1997. No appeal was taken by Defendant from that judgment.
On July 7, 1998, Defendant filed a motion with this court pursuant to App.R. 5(A) seeking permission to file a delayed merit appeal from his conviction and sentence. On July 30, 1998, we denied Defendant's request for a delayed appeal.
On March 19, 2001, Defendant filed a motion in the trial court seeking to withdraw his guilty plea pursuant to Crim.R. 32.1. With respect to the grounds for relief raised in Defendant's Crim.R. 32.1 motion, Defendant claimed that his guilty plea proceedings did not comply with Crim.R. 11(C). More specifically, that the trial court committed error in failing to hold the hearing required by Crim.R. 11(C)(3). The trial court denied the motion to vacate on April 16, 2001. The trial court concluded that the prescribed colloquy and plea proceedings were conducted in accordance with Crim.R. 11, that any failure to comply with Crim.R. 11 should have been raised via direct appeal and not in a Crim.R. 32.1 motion, and that because these issues were previously raised in Defendant's petition for post-conviction relief they are now barred by res judicata., Defendant also asserted "actual innocence" as grounds for relief. The trial court observed that Defendant had pled guilty and then waited over twenty-two years after entering his guilty plea before now claiming that he was innocent. The court concluded that the undue delay in raising this claim militated against a finding that Defendant is innocent.
From the trial court's decision denying his motion to withdraw his guilty plea, Defendant has timely appealed to this court.
 FIRST ASSIGNMENT OF ERROR THE TRIAL COURT ERRED AS A MATTER OF LAW IN DETERMINING THAT APPELLANT'S 32.1 MOTION CLAIMED A LACK OF A RULE 11 COLLOQUY, AND DENYING RELIEF BASED ON THIS.
The same trial court judge who had accepted Defendant's guilty plea in 1978 denied Defendant's present motion to withdraw that guilty plea. The court noted that the records of the plea proceeding have since been destroyed. Nevertheless, and based on the judge's own recollections, the court found that Defendant's claim that the plea proceedings failed to comply with Crim.R. 11(C)(2) lacked credibility. The court further held that in any event a failure to comply with Crim.R. 11(C) should have been raised on direct appeal, not in a Crim.R. 32.1 motion.
In this assignment of error Defendant claims that he did not raise any issue in his motion to withdraw his guilty plea regarding the colloquy required by Crim.R. 11(C)(2), but instead had argued that the proceedings did not comply with Crim.R. 11(C)(3), which applies to death penalty cases. Thus, the trial court erred in denying his motion on the particular basis that it applied.
In State v. Hartzell (August 20, 1999), Montgomery App. No. 17499, unreported, this court held that a trial court's failure to comply with the requirements of Crim.R. 11(C) is not the kind of extraordinary circumstance demonstrating manifest injustice required for Crim.R. 32.1 relief, after sentence has been imposed, because the defendant could have easily sought redress for those defects via other available remedies, that is, by direct appeal from his conviction. That same rule and result applies in this instance to Defendant's claims.
The trial court's judgment in this case was correct. Even assuming arguendo that the trial court misconstrued to some extent the basis for Defendant's Crim.R. 32.1 motion, erroneously believing that it involved a failure to comply with Crim.R 11(C)(2) instead of Crim.R. 11(C)(3), making the court's reasoning inapplicable in part, the trial court's judgment denying the motion was nevertheless correct, albeit for other reasons. Therefore, its judgment should not be reversed. State ex rel. Carter v. Schotten (1994), 70 Ohio St.3d 89.
The first assignment of error is overruled.
 SECOND ASSIGNMENT OF ERROR THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FINDING THAT THE ISSUES PRESENTED IN THE 32.1 MOTION WERE PREVIOUSLY RAISED IN A PRIOR POST-CONVICTION PROCEEDING.
In denying Defendant's motion to withdraw his guilty plea, the trial court held that some of Defendant's claims had previously been raised in his petition for post-conviction relief and hence those claims were now barred by the doctrine of res judicata. In this assignment of error Defendant argues that the trial court erred in holding that his claims were barred by res judicata because the claims raised in his Crim.R. 32.1 motion are different from the claims he raised in his previous post-conviction petition.
For the most part we agree with Defendant that the claims he raised in his Crim.R. 32.1 motion were different from the claims he previously raised in his petition for post-conviction relief. One possible exception is Defendant's general claim that Crim.R. 11 was not complied with and only to the extent that such claim involved Crim.R. 11(C)(2), which was raised in the prior post-conviction proceedings. Furthermore, this court has held that the doctrine of res judicata, which in post-conviction relief proceedings bars any claims for relief that were previously raised or could have been raised at trial or on direct appeal, does not apply to Crim.R. 32.1 motions to withdraw a guilty plea. State v. Wolford (September 17, 1999), Miami App. No. 99CA10, unreported.
The State requests that we reconsider our previous decision in Wolford, arguing that the doctrine of res judicata applies to any proceeding. State v. Szefcyk (1996), 77 Ohio St.3d 93. In this particular case, however, we need not decide whether res judicata applies to Defendant's Crim.R. 32.1 motion, and if so, whether it bars some of the claims raised therein, as the trial court below concluded. Even assuming arguendo that the trial court's reasoning in that regard was incorrect, the trial court's judgment denying Defendant's Crim.R. 32.1 motion was nevertheless correct, albeit for other reasons previously discussed in this opinion, and hence its judgment should not be reversed. State ex rel. Carter v. Schotten, supra.
The second assignment of error is overruled.
 FOURTH ASSIGNMENT OF ERROR THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION BY ERRONEOUSLY FINDING THAT "DEFENDANT HAS WAITED OVER TWENTY-TWO YEARS TO NOW CLAIM HIS INNOCENCE" WHERE APPELLANT HAS ATTEMPTED TO PRESENT HIS CASE TO THE TRIAL AND APPELLATE COURTS FOR THE PAST TEN YEARS.
In the course of addressing one of the claims Defendant presented in support of his motion to withdraw his guilty plea, the claim of actual innocence, the trial court observed that Defendant had waited over twenty-two years after entering his guilty plea before claiming that he was innocent. In this assignment of error Defendant alleges that the trial court's observation was clearly erroneous and the court should not have considered that fact as a basis to deny Crim.R. 32.1 relief. We disagree.
In his second assignment of error Defendant claims that the issues presented in his Crim.R. 32.1 motion "were not previously presented." Defendant entered his guilty plea to aggravated murder in 1978. Over twenty-two years later Defendant now claims, for the first time, that he is innocent of aggravated murder. See: Defendant's Crim.R. 32.1 motion to withdraw his guilty plea, filed March 19, 2001.
The delay in raising this claim of innocence is relevant to the merits of Defendant's Crim.R.32.1 motion because an undue delay between the occurrence of the alleged cause for withdrawal of a guilty plea and the filing of a motion under Crim.R. 32.1, is a factor which adversely affects the credibility of the movant and militates against granting the motion. State v. Smith (1977), 49 Ohio St.2d 261.
The fourth assignment of error is overruled.
 THIRD ASSIGNMENT OF ERROR THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FAILING TO GRANT RELIEF BASED UPON APPELLANT'S ACTUAL INNOCENCE.
 FIFTH ASSIGNMENT OF ERROR THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION IN FINDING THAT APPELLANT FAILED TO DEMONSTRATE A MANIFEST INJUSTICE IN THIS CASE.
In these assignments of error which address the merits of his Crim.R. 32.1 motion, Defendant argues that the trial court's refusal to grant his motion to withdraw his guilty plea constitutes an abuse of discretion.
A motion to withdraw a plea of guilty or no contest is governed by Crim.R. 32.1, which states:
 A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea.
In discussing the showing Defendant must make in order to withdraw his guilty plea after sentence has been imposed, this court in State v Hartzell, supra, stated:
 Crim.R. 32.1 permits a court, upon motion, to set aside a defendant's conviction and permit the defendant to withdraw his or her plea of guilty or no contest after sentence has been imposed in order "to correct manifest injustice." The manifest injustice standard demands a showing of extraordinary circumstances. State v. Smith (1977), 49 Ohio St.2d 261, 361 N.E.2d 1324. Further, the defendant has the burden to prove the existence of manifest injustice. Id.
 The term injustice is defined as "the withholding or denial of justice. In law, the term is almost invariably applied to the act, fault, or omission of a court, as distinguished from that of an individual." Black's Law Dictionary, 5th Ed. A "manifest injustice" comprehends a fundamental flaw in the path of justice so extraordinary that the defendant could not have sought redress from the resulting prejudice through another form of application reasonably available to him or her.
 Crim.R. 32.1 derives from the court's inherent power to vacate its own prior orders when justice so requires. In that regard, it is comparable to Civ.R. 60(B), which contemplates equitable relief from a final order subject to certain defects. In this context, it is noteworthy that Civ.R. 60(B) relief is not a substitute for appellate review of prejudicial error. Doe v. Trumbull Cty. Children's Services Bd. (1986), 28 Ohio St.3d 128, 502 N.E.2d 605. We believe that the same bar reasonably applies to Crim.R. 32.1.
 Failure to comply with the requirements of Crim.R. 11(C) when taking a plea is a defect that may be the subject of a merit appeal which supports reversal of a defendant's conviction when prejudice results. State v. Ballard (1981), 66 Ohio St.2d 473, 423 N.E.2d 115. Even when a timely appeal is not taken, a delayed appeal is available pursuant to App.R. 5(A), upon a proper showing. Therefore, a court's failure to comply with the requirements of Crim.R 11(C) is not an extraordinary circumstance demonstrating a form of manifest injustice required for Crim.R. 32.1 relief.,
Defendant, as we have pointed out, took no direct appeal from his conviction. Twenty years later, in 1998, he filed an App.R. 5(A) motion in this court asking leave to file a delayed appeal. We denied the motion, though no reason was stated. No doubt, our ruling was predicated on the passage of time and the fact that the grounds for relief which App.R. 5(A) contemplates are matters readily known to a putative appellant, who has missed the thirty-day deadline in App.R. 4(A) because of mistake, inadvertence, or excusable neglect. Those reasons are exhausted by a passage of twenty years time, during which any defendant has had more than ample time to discover much earlier the error on which his motion is predicated.
A motion to withdraw a guilty plea is addressed to the sound discretion of the trial court. Absent an abuse of that discretion, an appellate court will not interfere with the trial court's decision. State v. Smith (1977), 49 Ohio St.2d 261 . An abuse of discretion connotes more than a mere error of law or an error in judgment. It implies an arbitrary, unreasonable, unconscionable attitude on the part of the trial court. State v. Adams (1980), 62 Ohio St.2d 151 ., Defendant argues that the trial court should have allowed him to withdraw his guilty plea because after he entered that plea, the trial court failed to hold the hearing required by Crim.R. 11(C)(3), which provides in relevant part:
 If the indictment contains no specification, and a plea of guilty or no contest to the charge is accepted, the court shall impose the sentence provided by law.
 If the indictment contains one or more specifications, and a plea of guilty or no contest to the charge is accepted, the court may dismiss the specifications and impose sentence accordingly, in the interests of justice.
 If the indictment contains one or more specifications that are not dismissed upon acceptance of a plea of guilty or no contest to the charge, or if pleas of guilty or no contest to both the charge and one or more specifications are accepted, a court composed of three judges shall:
 (a) determine whether the offense was aggravated murder or a lesser offense; and
 (b) if the offense is determined to have been a lesser offense, impose sentence accordingly; or
 (c) if the offense is determined to have been aggravated murder, proceed as provided by law to determine the presence or absence of the specified aggravating circumstances and of mitigating circumstances, and impose sentence accordingly.
See also R.C. 2945.06 which is similar.
At the time Defendant entered his guilty plea in this case, he was not charged with an offense punishable by death. Ohio's death penalty had been declared unconstitutional by the United States Supreme Court. See: Lockett v. Ohio (1978), 438 U.S. 586; Bell v. Ohio (1978), 438 U.S. 637. The maximum sentence Defendant could receive was life imprisonment. Therefore, compliance with Crim.R. 11(C)(3) and R.C. 2945.06 was not required. State ex rel. Henry v. McMonagle (2000), 87 Ohio St.3d 543. Moreover, a failure to comply with these two provisions must be raised on direct appeal. Kirlin v. Enlow (2000), 89 Ohio St.3d 455; Hartzell, supra., Defendant also argues that the trial court should have allowed him to withdraw his guilty plea because of "actual innocence." According to Defendant, he is not guilty of aggravated murder, but rather is guilty of some lesser offense.
Defendant's counseled plea of guilty to the charge of aggravated murder was an admission of his factual guilt of that crime so complete and reliable that it removes the issue of factual guilt from the case. Menna v. New York (1975), 423 U.S. 61; State v. Wilson (1979), 58 Ohio St.2d 52. As a consequence of having pled guilty to the aggravated murder charge, Defendant is precluded from later arguing that the evidence the State possessed was insufficient to support his conviction for aggravated murder. State v. Buhrman (September 12, 1997), Greene App. No. 96CA145, unreported. Furthermore, as the trial court below noted, the absence of any support, other than Defendant's own self-serving assertions, for Defendant's claim that he is innocent, coupled with the fact that Defendant waited over twenty-two years after entering his guilty plea to make that claim, militate against a finding that Defendant is innocent. State v. Smith, supra., Defendant's claims fail to demonstrate the existence of any manifest injustice. Accordingly, the trial court did not abuse its discretion in overruling Defendant's post-sentence motion to withdraw his guilty plea.
The third and fifth assignments of error are overruled. The judgment of the trial court will be affirmed.
WOLFF, P.J. and BROGAN, J., concur.