JOURNAL ENTRY AND OPINION
{¶ 1} On January 9, 2003, the petitioner, Ernest Harris, commenced this prohibition action against the respondent, the Cuyahoga County Sheriff's Department, to prohibit the sheriff from trying to execute the remainder of a sixty-day sentence for contempt. For the following reasons, this court dismisses this prohibition action sua sponte.
 {¶ 2} In the underlying case, State of Ohio v. Earnest Harris, Cuyahoga County Common Pleas Court Case No. CR-421063, Mr. Harris pleaded guilty to receiving stolen property and forgery, and on August 19, 2002, the trial court imposed a six-month prison sentence. Immediately afterwards, the trial judge in a separate hearing found Harris in contempt of court and sentenced him to sixty days in the Cuyahoga County Jail to be served before transfer to the Lorain Correctional Institute. However, on August 26, 2002, the sheriff's office transported Harris to prison.
 {¶ 3} On October 18, 2002, the sheriff's office placed a detainer on Harris so that upon the expiration of his prison term on February 4, 2003,[1] he can serve the remainder of the time on his contempt sentence. Harris argues that this was impermissible because pursuant to R.C. 2929.41, misdemeanor sentences, including those for contempt, must be served concurrently with a felony sentence, unless the trial court explicitly provides that the sentences are to be served consecutively. Because the trial judge did not explicitly state that the sentences were to be served consecutively, his sixty-day sentence for the contempt should be considered discharged at the end of his six-month prison term. Thus, the sheriff has no authority for placing the detainer on him or holding him for the completion of the sixty-day sentence for contempt. Accordingly, Harris now brings this action in prohibition to prevent the Sheriff from executing the contempt sentence. However, Harris cannot fulfill the requisites to permit relief in prohibition.
 {¶ 4} The principles governing prohibition are well established. Its requisites are (1) the respondent against whom it is sought is about to exercise judicial power, (2) the exercise of such power is unauthorized by law, and (3) there is no adequate remedy at law. State exrel. Largent v Fisher (1989), 43 Ohio St.3d 160, 540 N.E.2d 239. Furthermore, if a petitioner has or had an adequate remedy, relief in prohibition is precluded, even if the remedy was not used. State ex rel.Lesher v. Kainrad (1981), 65 Ohio St.2d 68, 417 N.E.2d 1382, certiorari denied (1981), 454 U.S. 845; Cf. State ex rel. Sibarco Corp. v. City ofBerea (1966), 7 Ohio St.2d 85, 218 N.E.2d 428, certiorari denied (1967),386 U.S. 957. Prohibition will not lie unless it clearly appears that the court has no jurisdiction of the cause which it is attempting to adjudicate or the court is about to exceed its jurisdiction. State exrel. Ellis v. McCabe (1941), 138 Ohio St. 417, 35 N.E.2d 571, paragraph three of the syllabus. "The writ will not issue to prevent an erroneous judgment, or to serve the purpose of appeal, or to correct mistakes of the lower court in deciding questions within its jurisdiction." State exrel. Sparto v. Juvenile Court of Darke County (1950), 153 Ohio St. 64,65, 90 N.E.2d 598. Furthermore, it should be used with great caution and not issue in a doubtful case. State ex rel. Merion v. Tuscarawas Cty.Court of Common Pleas (1940), 137 Ohio St. 273, 28 N.E.2d 273; Reiss v.Columbus Municipal Court (App. 1956), 76 Ohio Law Abs. 141, 145 N.E.2d 447. Moreover, the court has discretion in issuing the writ of prohibition.State ex rel. Gilligan v. Hoddinott (1973), 36 Ohio St.2d 127,304 N.E.2d 382.
 {¶ 5} First, prohibition will not lie because the action of the sheriff in trying to execute the remainder of the sentence is not the exercise of judicial or quasi-judicial power. The effort to execute the order of the court is the exercise of executive or administrative power. Indeed, the sheriff's office is part of the executive branch, and in trying to fulfill the order of the court, it is merely effecting its usual executive duties.
 {¶ 6} Moreover, Mr. Harris has adequate remedies which preclude relief in prohibition. First, the court notes that Harris on November 22, 2002, filed a motion for sentence modification in which he asked the trial court to run his contempt sentence concurrent with the felony sentence; he cited R.C. 2929.41 for support. Then on December 13, 2002, Harris filed a petition for correction of sentence in which he requested that the court correct its sentences to run concurrently pursuant to R.C. 2929.41. The trial court denied both motions. Harris did not appeal from those rulings. Moreover, habeas corpus is the proper remedy to pursue for release from imprisonment when the sentence has expired. Potterv. Russell (1949), 151 Ohio St. 446, 86 N.E.2d 470; Frazier v. Stickrath
(1988), 42 Ohio App.3d 114, 536 N.E.2d 1193; and Foshee v. Ohio AdultParole Authority (Sept. 15, 1992), Cuyahoga App. No. 64163. See, also,State ex rel. Jackson v. Callahan, 88 Ohio St.3d 73, 1999-Ohio-84,711 N.E.2d 686, (Habeas corpus, not prohibition, is the appropriate remedy for persons claiming entitlement to release from imprisonment.)
 {¶ 7} Accordingly, this court dismisses the application for a writ of prohibition. Costs assessed against petitioner. The clerk is directed to serve upon the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).
ANN DYKE, J., and COLLEEN CONWAY COONEY, J., CONCUR.
[1] In the sentencing entry the trial court granted Harris thirteen days of jail time credit.