OPINION
{¶ 1} Defendant, Jeff Reed, appeals from a denial of his second, successive R.C. 2953.21 petition for post-conviction relief. The trial court dismissed the petition for lack of jurisdiction. Reed presents three assignments of error on appeal.
 {¶ 2} Pertinent to the trial court's order, R.C. 2953.23(A)(1)(b) provides that "a court may not entertain" second or successive petitions unless, subsequent "to the filing of an earlier petition the United States Supreme Court recognized a new federal or state right that applies retroactively to person in the petitioner's situation, and the petitioner asserts a claim based on that right." This requirement is narrower in its compass than R.C. 2953.21(A)(1), governing original petitions, which speaks of denials or infringements of rights that "render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States . . ." That standard comprehends rulings of The Supreme Court of Ohio as well as those of the United States Supreme Court.
 {¶ 3} Reed's second petition relies on a decision of The Supreme Court of Ohio in State v. Parker, 95 Ohio St.3d 524, 2002-Ohio-2833, which held:
 {¶ 4} "A defendant charged with a crime punishable by death who has waived his right to trial by jury must, pursuant to R.C. 2945.06 and Crim.R. 11(C)(3), have his case heard and decided by a three-judge panel even if the state agrees that it will not seek the death penalty." Id, Syllabus by the Court.
 {¶ 5} Reed's contention in his petition was that his conviction for aggravated murder is void because, contrary to Parker, it was accepted by a single judge in a negotiated plea, when the death penalty specification in his indictment had not been deleted. Reed was sentenced to life imprisonment. Parker had not yet been decided.
 {¶ 6} In his first assignment of error, Reed argues that R.C.2953.23(A)(1) is unconstitutional because by its terms it limits the jurisdiction of The Supreme Court of Ohio. The contention must fail on two accounts. First, it was not raised in the trial court, and is therefore waived. State v. Awan (1986), 22 Ohio St.3d 120. Second, the statute in no way interferes with the original or appellate jurisdiction conferred on The Supreme Court by Article IV, Section 2(B) of the Ohio Constitution. Rather, it represents a valid exercise of the authority conferred on the General Assembly by Article IV, Section 4(B), to determine the jurisdiction of the courts of common pleas. Reed's first assignment of error is overruled.
 {¶ 7} For his second assignment of error, Reed argues that the trial court erred because he is entitled to relief under the rule ofState v. Parker. That decision was not one rendered by the United States Supreme Court. It was instead rendered by The Supreme Court of Ohio. By the terms of R.C. 2953.23(A)(1)(b), the rule of Parker cannot create an exception to the bar which that section otherwise imposes against second or successive petitions for post-conviction relief. Reed's second assignment of error is overruled.
 {¶ 8} Reed argues in his third assignment of error that he is not barred from relying on Parker because Parker involves jurisdictional error which may be raised at any time, and even collaterally attacked in a post-conviction relief proceeding. That is true with respect to a court's subject-matter jurisdiction and any error in its exercise. However, the rule of Parker is not jurisdictional. Rather, it merely holds that failure to comply with the three judge requirement of R.C.2945.06 and Crim.R. 11(C)(3) is error in the court's procedure. Procedural error must be raised in a direct appeal from the judgment affected by it, not by way of collateral attack in a subsequent proceeding. Kirklin v. Enlow, 89 Ohio St.3d 455, 2000-Ohio-217. Reed's third assignment of error is overruled.
 {¶ 9} Having overruled the assignments of error presented, we will affirm the judgment from which this appeal was taken.
FAIN, P.J. and BROGAN, J., concur.