[Cite as *Ohio v. Montgomery*, 2011-Ohio-6145.]

COURT OF APPEALS
GUERNSEY COUNTY, OHIO
FIFTH APPELLATE DISTRICT

|  |  |  |
|---|---|---|
|  | : | JUDGES: |
|  | : | W. Scott Gwin, P.J. |
| STATE OF OHIO, | : | Sheila G. Farmer, J. |
|  | : | Julie A. Edwards, J. |
| Plaintiff-Appellee, | : |  |
|  | : | Case No. 10CA42 |
| v. | : |  |
|  | : | O P I N I O N |
| JEPHTHAH ISRAEL  MONTGOMERY, |  |  |
| Defendant-Appellant. |  |  |

CHARACTER OF PROCEEDING:          Criminal Appeal from Guernsey
                                                        County Court of Common Pleas Case
                                                        No. 00-CR-155

JUDGMENT:                                      Affirmed

DATE OF JUDGMENT ENTRY:         November 28, 2011

APPEARANCES:

For Plaintiff-Appellee                          For Defendant-Appellant

DANIEL G. PADDEN                            MELISSA M. PRENDERGAST
Guernsey County Prosecuting Attorney     Assistant State Public Defender
139 West 8th Street,                           250 East Broad Street, Suite 1400
P.O. Box 640                                     Columbus, Ohio  43215
Cambridge Ohio, 43725

*Edwards, J.*

{¶ 1} Appellant, Jephthah Israel Montgomery, appeals a judgment of the Guernsey County Common Pleas Court overruling his motion to withdraw his pleas of no contest to two counts of aggravated murder (R.C. 2903.01(A)) with death penalty specifications, one count of aggravated robbery (R.C. 2911.01(A)(1)) and one count of aggravated burglary (R.C. 2911.11). Appellee is the State of Ohio.

STATEMENT OF FACTS AND CASE

{¶ 2} On May 8, 2001, appellant pleaded no contest to two counts of aggravated murder with capital specifications, one count of aggravated robbery and one count of aggravated burglary, pursuant to a negotiated plea. In exchange for the plea, the State dismissed the remaining counts of the indictment and agreed to not seek the death penalty.

{¶ 3} The court held a sentencing hearing on November 6, 2001. The court imposed concurrent terms of life imprisonment with parole eligibility after twenty-five years for the aggravated murder convictions, and concurrent terms of nine years imprisonment on the aggravated robbery and aggravated burglary convictions. Appellant did not appeal this judgment.

{¶ 4} On August 9, 2010, appellant filed a pro se motion to withdraw his guilty plea pursuant to Crim. R. 32.1. Appellant claimed that his sentence was void because the court improperly imposed postrelease control, and that his plea was not knowing, intelligent, and voluntary because it was based on "race-based threats regarding false information in indictment by defense counsel." The trial court overruled the motion. Appellant assigns two errors on appeal:

{¶ 5} "I. THE TRIAL COURT ABUSED ITS DISCRETION IN DENYING MR. MONTGOMERY'S MOTION TO WITHDRAW HIS NO CONTEST PLEAS BY INCORRECTLY APPLYING THE POST SENTENCE STANDARD PROVIDED BY CRIMINAL RULE 32.1 INSTEAD OF THE STANDARD APPLICABLE TO PRESENTENCE MOTIONS TO WITHDRAW.

{¶ 6} "II. THE TRIAL COURT ERRED BY ACCEPTING MR. MONTGOMERY'S NO CONTEST PLEA AND SENTENCING HIM FOR AGGRAVATED MURDER WITH CAPITAL SPECIFICATIONS WITHOUT ANY RECORDED DELIBERATION OR DETERMINATION BY A THREE-JUDGE PANEL AS TO THE APPROPRIATENESS OF THE CHARGE, WITHOUT ANY FINDING ON THE RECORD THAT AGGRAVATED MURDER HAD BEEN PROVEN BEYOND A REASONABLE DOUBT, AND WITHOUT JOURNALIZING A FINDING OF GUILT.  ACCORDINGLY, HE HAS NO VALID CONVICTION AND HIS SENTENCE IS VOID."

I

{¶ 7} In his first assignment of error, appellant argues that the court erred in applying the "manifest injustice" standard which is applied to a postsentence motion to withdraw a plea pursuant to Crim. R. 32.1.  Appellant argues that because the trial court failed to impose postrelease control at the time he was sentenced for aggravated robbery and aggravated burglary, his sentence is void and the court should have applied the more liberal presentence standard to his motion to withdraw his plea, citing *State v. Boswell*, 121 Ohio St. 3d 575, 906 N.E.2d 422, 2009-Ohio-1577.[1]

---

[1] Appellant was convicted of two counts of aggravated murder; however, aggravated murder is an unclassified felony to which the postrelease control statute does not apply. R.C. 2967.28; *State v. Clark*, 119 Ohio St.3d 239, 893 N.E.2d 462, 2008-Ohio-3748.

**{¶ 8}** In *Boswell*, supra, the Ohio Supreme Court held that a motion to withdraw a plea, filed in a case where the sentence was void due to the trial court's failure to impose postrelease control at sentencing, must be deemed to be a presentence motion to withdraw a plea due to the necessity of treating a void sentence as a nullity. Id. However, subsequent to *Boswell*, the Ohio Supreme Court held that only the portion of the sentence concerning postrelease control is void:

**{¶ 9}** "We similarly hold that when a judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, that *part* of the sentence is void and must be set aside. Neither the Constitution nor common sense commands anything more.

**{¶ 10}** "This principle is an important part of the analysis of void sentences that we have not focused upon in prior cases involving postrelease control, including *Bezak,* 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961. Thus, we reaffirm the portion of the syllabus in *Bezak* that states '[w]hen a defendant is convicted of or pleads guilty to one or more offenses and postrelease control is not properly included in a sentence for a particular offense, the sentence for that offense is void,' but with the added proviso that only the offending portion of the sentence is subject to review and correction.

**{¶ 11}** "However, we now modify the second sentence in the *Bezak* syllabus as ill-considered. That sentence states that the offender is entitled to a new sentencing hearing for the offense for which postrelease control was not imposed properly. 114 Ohio St.3d 94, 2007-Ohio-3250, 868 N.E.2d 961. It does not recognize a principle that we overlooked in *Bezak:* when an appellate court concludes that a sentence imposed

by a trial court is in part void, only the portion that is void may be vacated or otherwise amended.

{¶ 12} "Therefore, we hold that the new sentencing hearing to which an offender is entitled under *Bezak* is limited to proper imposition of postrelease control." *State v. Fischer*, 128 Ohio St.3d 92, 99, 942 N.E.2d 332, 340–341, 2010-Ohio-6238, ¶26-29.

{¶ 13} This Court has concluded that because the convictions and remaining portion of the original sentence remain valid based on the Supreme Court's holding in *Fischer*, a motion to withdraw a plea made prior to resentencing to correct the postrelease control portion of the sentence is properly addressed as a post-sentence motion. Accordingly, the court in the instant case did not err in addressing appellant's motion based on the "manifest injustice" standard applicable to a post-sentence motion to withdraw a plea.

{¶ 14} The first assignment of error is overruled.

II

{¶ 15} In his second assignment of error, appellant argues that the trial court erred in accepting his no contest plea and sentencing him to two counts of aggravated murder with capital specifications without complying with R.C. 2945.06, which requires findings by a three-judge panel. He argues his original sentencing entry is not final and appealable because it does not set forth the plea, verdict or finding of the court on which the conviction is based, citing *State v. Baker*, 119 Ohio St.3d 197, 893 N.E.2d 163, 2008-Ohio-3330, and that this issue is therefore properly before this Court.

{¶ 16} The Ohio Supreme Court has recently modified Baker:

{¶ 17} "A judgment of conviction is a final order subject to appeal under R.C. 2505.02 when it sets forth (1) the fact of the conviction, (2) the sentence, (3) the judge's signature, and (4) the time stamp indicating the entry upon the journal by the clerk." *State v. Lester,* 2011-Ohio-5204, paragraph one of the syllabus. In the instant case, the November 6, 2001, sentencing entry sets forth the fact of the conviction, the judge's signature, and the time stamp indicating entry upon the journal by the clerk of courts. Accordingly, this entry was final and appealable on November 6, 2001.

{¶ 18} An alleged violation of R.C. 2945.06 may only be remedied in a direct appeal from the conviction and sentence. *Kirklin v. Enlow*, 89 Ohio St.3d 455, 732 N.E.2d 982, 2000-Ohio-217. See also *Pratt v. Hurley*, 102 Ohio St.3d 81, 806 N.E.2d 992, 2004-Ohio-1980 (failure of court to convene a three-judge panel, as required by R.C. 2945.06, does not constitute a lack of subject-matter jurisdiction that renders the court's judgment void ab initio, and the issue must be raised on direct appeal). Appellant failed to timely file a direct appeal from his November 6, 2001, sentencing entry, which was a final, appealable order, and he cannot now raise the issue for the first time on appeal from a judgment denying his motion to withdraw his plea.

{¶ 19} The second assignment of error is overruled.


The judgment of the Guernsey County Common Pleas Court is affirmed.

By: Edwards, J.

Gwin, P.J. and Farmer, J. concur.

[Cite as *Ohio v. Montgomery*, 2011-Ohio-6145.]

IN THE COURT OF APPEALS FOR GUERNSEY COUNTY, OHIO

FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | |
| | : | |
| | : | |
| -vs- | : | JUDGMENT ENTRY |
| | : | |
| JEPHTHAH ISRAEL MONTGOMERY | : | |
| | : | |
| Defendant-Appellant | : | CASE NO. 10CA42 |

For the reasons stated in our accompanying Memorandum-Opinion on file, the appeal of the Guernsey County Court of Common Pleas is affirmed. Costs assessed to appellant.

_____

_____

_____

JUDGES