THE STATE EX REL. KETTERER, APPELLANT, v. ONEY, JUDGE, APPELLEE.

[Cite as *State ex rel. Ketterer v. Oney,* 113
Ohio St.3d 306, 2007-Ohio-1954.]

(No. 2006–2136—Submitted April 4, 2007—Decided May 9, 2007.)

---

**Per Curiam.**

{¶ 1} This is an appeal from a judgment dismissing a complaint for a writ of prohibition to prevent a single judge from deciding a postconviction-relief petition

when the relator was sentenced to death by a three-judge panel. Because this claim is not cognizable in an extraordinary-writ action, we affirm.

{¶ 2} A grand jury indicted appellant, Donald Ketterer, for aggravated murder with three death specifications, as well as for aggravated robbery, aggravated burglary, grand theft of a motor vehicle, and burglary. Ketterer waived his right to a jury trial and pleaded guilty to the charges before a three-judge panel. Appellee, Butler County Common Pleas Court Judge Patricia S. Oney, was one of the three judges. After receiving the evidence presented, the panel found Ketterer guilty as charged.

{¶ 3} Following a penalty-phase hearing, the three-judge panel sentenced Ketterer to death on the aggravated-murder charge and to prison terms and fines for the remaining felonies. On appeal, we affirmed the judgment, including the death sentence. *State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48.

{¶ 4} In December 2004, Ketterer filed a petition for postconviction relief in the trial court. In April 2005, Ketterer filed a motion to reconvene the three-judge panel that sentenced him to death, for the purpose of ruling on his petition. In April 2006, Judge Oney denied Ketterer's motion.

{¶ 5} Ketterer subsequently filed a complaint in the Court of Appeals for Butler County for a writ of prohibition to prevent Judge Oney from ruling on his petition for postconviction relief. Ketterer claimed that R.C. 2945.06 vests the three-judge panel that sentenced him to death with exclusive jurisdiction over the petition. In October 2006, the court of appeals granted Judge Oney's motion to dismiss Ketterer's prohibition complaint.

{¶ 6} We affirm the judgment of the court of appeals. "An alleged violation of R.C. 2945.06 is not cognizable in an extraordinary writ action and may be remedied only in a direct appeal from a criminal conviction." *Kirklin v. Enlow* (2000), 89 Ohio St.3d 455, 732 N.E.2d 982 (affirming dismissal of prohibition complaint); see, also, cases cited in *Kirklin* at 455–456, 732 N.E.2d 982. "The failure of a court to convene a three-judge panel, as required by R.C. 2945.06, does not constitute a lack of subject-matter jurisdiction that renders the trial court's judgment void ab initio and subject to collateral attack" by extraordinary writ. *Pratts v. Hurley*, 102 Ohio St.3d 81, 2004-Ohio-1980, 806 N.E.2d 992, syllabus; see, also, *In re J.J.*, 111 Ohio St.3d 205, 2006-Ohio-5484, 855 N.E.2d 851, ¶ 12. Ketterer has an adequate remedy by way of appeal from a ruling by Judge Oney on his petition for postconviction relief.

Judgment affirmed.

MOYER, C.J., PFEIFER, LUNDBERG STRATTON, O'CONNOR, O'DONNELL, LANZINGER and CUPP, JJ., concur.

David H. Bodiker, Ohio Public Defender, and Randall L. Porter, Assistant Public Defender, for appellant.

Robin N. Piper, Butler County Prosecuting Attorney, Daniel G. Eichel, First Assistant Prosecuting Attorney, and Michael A. Oster Jr., Assistant Prosecuting Attorney, for appellee.