[Cite as *State v. Ketterer*, 2017-Ohio-4117.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NO.  CA2016-08-166 |
| Plaintiff-Appellee, | : | |
| | | O P I N I O N |
| | : | 6/5/2017 |
| - vs - | | |
| | : | |
| DONALD KETTERER, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR03-03-0309

Michael T. Gmoser, Butler County Prosecuting Attorney, Lina N. Alkamhawi, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Randall L. Porter, 250 East Broad Street, Suite 1400, Columbus, Ohio 43215, for defendant-appellant

**M. POWELL, J.**

{¶ 1}   Defendant-appellant, Donald Ketterer, appeals a decision of the Butler County Court of Common Pleas denying his two petitions for postconviction relief and other postconviction motions.

{¶ 2}   In 2003, appellant pled guilty to aggravated murder, aggravated robbery, aggravated burglary, grand theft of a motor vehicle, and burglary in connection with the death

of Lawrence Sanders. A three-judge panel convicted appellant on all charges. Following a penalty-phase hearing, the panel sentenced appellant to death on the aggravated murder charge and to prison terms for the noncapital offenses. The Ohio Supreme Court affirmed the convictions and death sentence on direct appeal. *State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283 ("*Ketterer I*").

{¶ 3} The supreme court later reopened appellant's direct appeal and found that his first appellate counsel had been ineffective for failing to challenge appellant's noncapital sentences under *State v. Foster*, 109 Ohio St.3d 1, 2006-Ohio-856. The supreme court vacated the noncapital sentences and remanded for resentencing. On remand, the three-judge panel held a resentencing hearing on the noncapital offenses and resentenced appellant. On appeal, the supreme court again vacated the sentences, this time because the trial court had not properly imposed postrelease control during resentencing. *State v. Ketterer*, 126 Ohio St.3d 448, 2010-Ohio-3831 ("*Ketterer II*"). On remand, the three-judge panel issued a new sentencing entry. On appeal, the supreme court affirmed appellant's sentences for the noncapital offenses. *State v. Ketterer*, 140 Ohio St.3d 400, 2014-Ohio-3973 ("*Ketterer III*").

{¶ 4} As relevant to this appeal, in December 2004, appellant filed a petition for postconviction relief ("PCR") challenging his capital murder conviction and death sentence and raising 16 grounds for relief. In April 2005, appellant moved the trial court to reconvene the three-judge panel that sentenced him to death for the purpose of ruling on his PCR petition. In April 2006, now retired Butler County Common Pleas Court Judge Patricia S. Oney, one of the three judges on the panel, denied appellant's motion.

{¶ 5} Appellant subsequently filed a complaint in this court for a writ of prohibition to prevent Judge Oney from ruling on his PCR petition. Appellant claimed that R.C. 2945.06 vested the three-judge panel with exclusive jurisdiction over the PCR petition. We granted

Judge Oney's motion to dismiss appellant's prohibition complaint.[1]  In May 2007, the Ohio

Supreme Court affirmed our judgment, finding that "[a]n alleged violation of R.C. 2945.06 is

not cognizable in an extraordinary writ action" and that appellant had an adequate remedy by

way of appeal.  *State ex rel. Ketterer v. Oney*, 113 Ohio St.3d 306, 2007-Ohio-1954, ¶ 6.

{¶ 6}  In May 2007, appellant filed a supplemental PCR petition challenging his

noncapital offenses and raising 16 grounds for relief.  Most of the grounds for relief were

duplicative of the grounds for relief raised in appellant's first PCR petition.  The supplemental

PCR petition was filed because the Ohio Supreme Court had remanded the case for

resentencing on the noncapital offenses pursuant to its decision in *Foster*.  In the prayers for

relief of both PCR petitions as well as in a motion filed in February 2005, appellant requested

that the trial court grant him leave to pursue discovery prior to ruling on the merits of his PCR

petitions.  Appellant further moved for discovery in April 2005 and November 2010.

{¶ 7}  On July 22, 2016, the trial court denied appellant's PCR petitions and discovery

motions without a hearing on the basis of the doctrine of res judicata.  The trial court found

that the issues raised by appellant in the PCR petitions and discovery motions were

addressed and rejected by the Ohio Supreme Court in *Ketterer I*, *Ketterer II*, or *Ketterer III*.

{¶ 8}  Appellant now appeals, raising 13 assignments of error which will be addressed

out of order.

{¶ 9}  Assignment of Error No. 1:

{¶ 10}  THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION TO

RECONVENE THE THREE JUDGE PANEL.

{¶ 11}  Appellant argues the trial court erred in denying his motion to reconvene the

three-judge panel that sentenced him to death for the purpose of ruling on his PCR petitions.

---

1. *State ex rel. Ketterer v. Oney*, 12th Dist. Butler No. CA2006-07-171 (Oct. 3, 2006) (Judgment Entry Denying Writ of Prohibition).

As he did in his motion, appellant essentially argues that once a capital murder defendant waives a trial by jury and elects to be tried by a three-judge panel pursuant to R.C. 2945.06, all postconviction proceedings in the case, including PCR petitions, must be considered by the three-judge panel. In support of his argument, appellant relies heavily on *State v. Stumpf*, 32 Ohio St.3d 95 (1987), and cites *State v. Davis*, 38 Ohio St.3d 361 (1988), and *State v. Filiaggi*, 86 Ohio St.3d 230 (1999).

{¶ 12} The trial court denied appellant's motion, finding that a three-judge panel's jurisdiction under R.C. 2945.06 ends after conviction and sentencing, and that the term "court" as used in R.C. 2953.21 must be given its common meaning. Thus, the trial court concluded, "where a defendant waives jury trial and is convicted by a three-judge panel, the postconviction remedies announced in R.C. 2953.21 do not contemplate a reconvening of the three-judge panel to hear postconviction proceedings."

{¶ 13} R.C. 2945.06 provides in relevant part that

> In any case in which a defendant waives his right to trial by jury and *elects to be tried by the court * * *,* any judge of the court in which the cause is pending shall proceed to hear, try, and determine the cause[.] If the accused is charged with an offense punishable with death, he *shall be tried by a court to be composed of three judges*[.] *The judges or a majority of them may decide all questions of fact and law arising upon the trial*; however the accused shall not be found guilty or not guilty of any offense unless the judges unanimously find the accused guilty or not guilty. *If the accused pleads guilty of aggravated murder, a court composed of three judges shall examine the witnesses, determine whether the accused is guilty of aggravated murder or any other offense, and pronounce sentence accordingly*.

(Emphasis added.)

{¶ 14} In turn, R.C. 2953.21(A)(1) generally provides that any person who has been convicted of a criminal offense and who claims there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the Constitution of the United States, may file a petition in the court that imposed sentence,

- 4 -

stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief.

{¶ 15} Appellant relies heavily on the Ohio Supreme Court's *Stumpf* decision to support his argument that R.C. 2945.06 and 2953.21(A)(1) grant a three-judge panel that sentenced a defendant to death, authority to hear a PCR petition. We find that neither *Stumpf* nor *Davis* nor *Filiaggi* support appellant's argument.

{¶ 16} In *Stumpf*, a defendant charged with capital murder waived a jury trial and pled guilty before a three-judge panel. The panel convicted Stumpf and sentenced him to death. Stumpf subsequently moved to withdraw his guilty plea, or in the alternative, to grant him a new sentencing hearing. While the motion was pending, one of the panel members died and the remaining two judges denied Stumpf's motion. On appeal, Stumpf claimed error in the consideration of his motion by only two judges. The supreme court rejected Stumpf's argument, finding that "[u]nanimity is mandated only when the panel finds a defendant guilty or not guilty. Whether [Stumpf] was entitled to withdraw his guilty plea or to a new sentencing hearing were questions of law, properly determined by a majority of the panel." *Stumpf*, 32 Ohio St.3d at 105.

{¶ 17} Contrary to appellant's assertion, *Stumpf* does not explicitly or implicitly hold that a three-judge panel that sentenced a defendant to death must hear the defendant's PCR petition. The case did not involve a PCR petition under R.C. 2953.21 and the supreme court did not expound on the narrow issue presented here. Rather, the supreme court merely held that the two remaining members of a three-judge panel did not err in considering and denying Stumpf's motion to withdraw his guilty plea. *Stumpf* therefore does not address the proposition for which appellant cites it, and we will not imply such a holding. As the supreme court stated, "[a] reported decision, although [in] a case where the question might have been raised, is entitled to no consideration whatever as settling * * * a question not passed upon or

- 5 -

raised at the time of the adjudication." *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 11.

{¶ 18} Furthermore, *Stumpf* is distinguishable from the case at bar as they involved dissimilar motions. *Stumpf* involved a motion to withdraw a plea or to set aside a sentence. Because such a postsentence motion "is filed in the underlying criminal case and * * * targets the withdrawal of a plea, it is not a 'collateral challenge to the validity of a conviction or sentence.'" *State v. Bush*, 96 Ohio St.3d 235, 2002-Ohio-3993, ¶ 13. Rather, the motion is filed within the context of the same capital case in which the movant has been sentenced to death. By contrast, this case involves a PCR petition which is governed by R.C. 2953.21. A postconviction proceeding is not an appeal of a criminal conviction, but rather, a collateral, civil attack on a criminal judgment. *State v. Steffen*, 70 Ohio St.3d 399, 410 (1994). Therefore, a petitioner receives no more rights than those granted by the statute. *State v. Calhoun*, 86 Ohio St.3d 279, 281 (1999). Postsentences motions to withdraw a guilty plea and PCR petitions exist independently and are separate remedies involving separate proceedings subject to separate rules and procedures. *See Bush.*

{¶ 19} Likewise, *Davis* and *Filiaggi* do not support appellant's argument that R.C. 2945.06 and 2953.21(A)(1) grant a three-judge panel that sentenced a defendant to death authority to hear a PCR petition. In *Davis*, the Ohio Supreme Court reversed the defendant's death sentence and remanded the case for resentencing because the three-judge panel had improperly weighed nonstatutory aggravating circumstances against the mitigating factors in sentencing the defendant to death. *Davis*, 38 Ohio St.3d at 367, 372-373. In *Filiaggi*, the supreme court upheld the three-judge panel's decision convicting the defendant of capital murder and sentencing him to death but reversed his convictions on the noncapital charges because the verdicts were entered only by the presiding judge and not by the three-judge panel as required under R.C. 2945.06. *Filiaggi*, 86 Ohio St.3d at 238-240, 254. Neither case

involved a PCR petition under R.C. 2953.21. Rather, both involved remands upon issues clearly within the ambit of a three-judge panel's responsibility in a capital murder case under R.C. 2945.06.

{¶ 20} The highlighted language in R.C. 2945.06 above unambiguously indicates that the duties of a three-judge panel are restricted to the "trial" phase of a capital case and the issues "arising upon the trial." Our research indicates that in capital murder cases, a single judge, and not a three-judge panel, has routinely ruled upon a capital defendant's PCR petition. *See, e.g., State v. Rojas*, 1st Dist. Hamilton No. C-950091, 1995 Ohio App. LEXIS 5764 (Dec. 19, 1995). The one exception was a case from the Second Appellate District where a PCR petition was ruled upon by a three-judge panel. *State v. Bays*, 2d Dist. Greene No. 96-CA-118, 1998 Ohio App. LEXIS 226 (Jan. 30, 1998). Whether R.C. 2945.06 and 2953.21 require a three-judge panel to rule upon a PCR petition was not at issue in that case. We further note that the Ohio Supreme Court has denied the affidavit of a capital defendant seeking to disqualify a trial judge who had presided over the three-judge panel that sentenced the defendant to death from ruling upon the defendant's PCR petition. *In re Disqualification of Nastoff*, 134 Ohio St.3d 1232, 2012-Ohio-6339. The supreme court denied the affidavit of disqualification and then held, "The case may proceed before Judge Nastoff." *Id.* at ¶ 12.

{¶ 21} In 1978, the Fifth Appellate District addressed whether a capital defendant sentenced to death by a three-judge panel was entitled to have the same three-judge panel hear and rule upon the defendant's PCR petition. *State v. Tilton*, 5th Dist. Stark No. 4964, 1978 Ohio App. LEXIS 11204 (Dec. 20, 1978). The defendant's PCR petition was ostensibly denied by the trial court, and not by a three-judge panel. The Fifth Appellate District rejected the argument, stating: "There is no language in [R.C.] 2953.21 proceedings for post-conviction relief which indicates that the term 'court' as used therein has other than its usual

meaning. This means one judge and it may well be a judge other than one of the judges presiding at the trial which resulted in a conviction and sentence." *Id.* at *10-11.

{¶ 22} In light of the foregoing, the trial court did not err in denying appellant's motion to reconvene the three-judge panel that sentenced him to death for purposes of ruling on his PCR petitions.

{¶ 23} Appellant's first assignment of error is overruled.

{¶ 24} Assignment of Error No. 4:

{¶ 25} THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT RELIEF ON THE FIRST GROUND FOR RELIEF.

{¶ 26} In his first ground for relief, appellant challenged Ohio's postconviction relief statutory scheme, arguing it is unconstitutional because it does not provide an adequate corrective process. The trial court denied relief on the basis of this court's opinion in *State v. McKelton*, 12th Dist. Butler No. CA2015-02-028, 2015-Ohio-4228. Appellant urges this court to reconsider our holding in *McKelton*.

{¶ 27} The Ohio Supreme Court has held that the statutory procedure for postconviction relief constitutes "the best method of protecting constitutional rights of individuals and, at the same time, providing a more orderly method of hearing such matters." *Freeman v. Maxwell*, 4 Ohio St.2d 4, 6 (1965). In addition, this court has already determined that "[t]he statutory procedure for postconviction relief constitutes an adequate corrective process." *State v. Lindsey*, 12th Dist. Brown No. CA2002-02-002, 2003-Ohio-811, ¶ 13; *State v. Davis*, 12th Dist. Butler No. CA2012-12-258, 2013-Ohio-3878, ¶ 34. Other Ohio appellate districts have held the same. *See State v. Conway*, 10th Dist. Franklin No. 12AP-412, 2013-Ohio-3741, ¶ 63; *State v. Trimble*, 11th Dist. Portage No. 2007-P-0098, 2008-Ohio-6409, ¶ 108; *State v. Frazier*, 6th Dist. Lucas No. L-07-1388, 2008-Ohio-5027, ¶ 70; *State v. Elmore*, 5th Dist. Licking No. 2005-CA-32, 2005-Ohio-5940, ¶ 143-149. We see no

reason to deviate from this prior precedent and therefore continue to find that Ohio's postconviction relief statutory scheme is constitutional. *State v. Lawson*, 12th Dist. Clermont No. CA2013-12-093, 2014-Ohio-3554, ¶ 43. Accordingly, the trial court did not err when it denied appellant's first ground for relief.

{¶ 28} Appellant's fourth assignment of error is overruled.

{¶ 29} Assignment of Error No. 3:

{¶ 30} THE TRIAL COURT ERRED WHEN IT ISSUED INCOMPLETE FINDINGS OF FACT AND CONCLUSIONS OF LAW.

{¶ 31} Appellant argues the trial court improperly denied his PRC petitions because it failed to make sufficient findings of fact regarding all of the claims raised in his petitions and failed to consider the supporting exhibits.

{¶ 32} R.C. 2953.21(C) explicitly requires a trial court to "determine whether there are substantive grounds for relief," to consider the PCR petition and its supporting affidavits in making that determination, and to make findings of fact and conclusions of law when denying relief on a PCR petition. *State v. Lester*, 41 Ohio St.2d 51, 54 (1975); *State v. Wilson*, 12th Dist. Madison No. CA2013-10-034, 2014-Ohio-2342, ¶ 21.

{¶ 33} The purpose of requiring findings of fact and conclusions of law is to apprise the petitioner of the basis for the trial court's disposition and to enable meaningful appellate review. *State v. Mapson*, 1 Ohio St.3d 217, 219 (1982). Thus, "[t]he existence of findings and conclusions are essential in order to prosecute an appeal." *Id.* "[T]he failure of a trial judge to make the requisite findings prevents any meaningful judicial review, for it is the findings and the conclusions which an appellate court reviews for error." *Id.*

{¶ 34} Findings of fact and conclusions of law should be clear, specific, and complete. *State v. Martin*, 12th Dist. Warren Nos. CA2003-06-065 and CA2003-06-066, 2004-Ohio-702, ¶ 22. While a trial court need not discuss every issue that the petitioner raises or engage in

- 9 -

an elaborate and lengthy discussion in its findings of fact and conclusions of law, its findings must be sufficiently comprehensive and pertinent to the issues to form a basis upon which the evidence supports the conclusion. *Calhoun*, 86 Ohio St.3d at 291-292. In order for an appellate court to determine the basis for judgment, the findings of fact and conclusions of law should respond to all material or determinative issues in the case. *Lindsey*, 2003-Ohio-811 at ¶ 16.

{¶ 35} As stated above, appellant raised 16 grounds for relief in his first PCR petition, and with the exception of one ground, raised duplicative grounds for relief in his supplemental PCR petition. Citing *Ketterer I*, *Ketterer II*, *Ketterer III*, or *State v. Perry*, 10 Ohio St.2d 175 (1967), the trial court summarily denied relief on most of the grounds on the basis of res judicata.

{¶ 36} Res judicata is a proper basis for dismissing a PCR petition. *Lester*, 41 Ohio St.2d at 55. "[W]hen a petition is summarily dismissed because all claims raised are barred by *res judicata*, the trial court should make and file findings of fact and conclusions of law with respect thereto, and, where appropriate, should specify the portions of the files and records which establish the bar of *res judicata*." *Id.* The trial court is required to "make a finding as to the substantive basis of each claim for relief contained in a petition," and "the findings of the trial court should reply to each of a petitioner's substantive claims." *Id.*

{¶ 37} We find the trial court issued insufficient findings of fact and conclusions of law in denying appellant's PCR petitions. In a three-page entry, the trial court summarily denied 14 grounds for relief raised in appellant's first PCR petition on the basis of res judicata, and in a duplicative four-page entry, likewise summarily denied 14 grounds for relief raised in appellant's supplemental PCR petition.

{¶ 38} The trial court's entries dismissing the petitions simply conclude that appellant is entitled to no relief. The entries do not describe or discuss the several and specific claims

- 10 -

raised by appellant but instead generically label them in headings before summarily denying them. While the entries reference four supreme court opinions as the basis for its denial of the PCR petitions, they do not specify which portions of the supreme court opinions specifically addressed and rejected the issues raised by appellant in his petitions. Further, the entries do not indicate the trial court reviewed the documents submitted in support of the PCR petitions, do not contain any reference to those supporting documents, and do not explain why the supporting documents do not prevent the application of res judicata. In other words, the trial court's conclusory finding that appellant is entitled to no relief because of res judicata bars does not provide this court with adequate reasons to evaluate whether the trial court erred in its decision.

{¶ 39} The trial court's failure to make the requisite findings of fact and conclusions of law prevents us from conducting a meaningful judicial review. We therefore reverse the trial court's denial of appellant's PCR petitions and remand this cause to the trial court to make findings of fact and conclusions of law as required by R.C. 2953.21.

{¶ 40} Appellant's third assignment of error is sustained.

{¶ 41} Assignment of Error No. 2:

{¶ 42} THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S POST-CONVICTION PETITIONS WITHOUT AFFORDING HIM THE OPPORTUNITY TO CONDUCT DISCOVERY.

{¶ 43} Appellant argues the trial court erred in denying his PCR petitions without first allowing him to conduct discovery.

{¶ 44} At the outset, we note that appellant sought leave to conduct discovery prior to the trial court ruling on the merits of his PCR petitions in three separate pleadings, to wit, in both PCR petitions' prayers for relief and in a motion filed in February 2005. While appellant further moved for discovery in April 2005 and November 2010, it is not clear the motions

related to his PCR petitions. The April 2005 motion sought discovery pursuant to *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194 (1963), and appellant avers a *Brady* claim is not a discovery issue. The November 2010 motion was addressed in *Ketterer III*. We therefore only address appellant's discovery prayers and February 2005 motion. The trial court implicitly denied the prayers by denying the PCR petitions. It denied the motion on two grounds: res judicata and failure to submit any documentary evidence dehors the record.

{¶ 45} As stated above, a postconviction proceeding is not an appeal of a criminal conviction, but rather, a collateral, civil attack on a criminal judgment. *Steffen*, 70 Ohio St.3d at 410. Because postconviction relief is a statutory right, not a constitutional right, R.C. 2953.21 grants a petitioner "only those rights specifically enumerated in its provisions and no more." *State v. Broom*, 146 Ohio St.3d 60, 2016-Ohio-1028, ¶ 28. Until recently, it was well-established that the statutory scheme governing postconviction relief did not entitle a petitioner to conduct discovery. *Id.*; *State v. Osie*, 12th Dist. Butler No. CA2014-10-222, 2015-Ohio-3406, ¶ 31. Nevertheless, discovery could be proper where a petitioner set forth operative facts outside the record that revealed a constitutional error in his or her case. *McKelton*, 2015-Ohio-4228 at ¶ 41.

{¶ 46} The Ohio Legislature has recently amended R.C. 2953.21. Newly-amended R.C. 2953.21, which became effective on April 6, 2017, makes substantial changes regarding PCR petitions in death-penalty cases, and in particular, allows capital petitioners to obtain discovery in aid of their PCR petition if good cause is shown.

{¶ 47} Consequently, we remand the case for the trial court to determine whether newly-amended R.C. 2953.21 applies to appellant's PCR petitions, and if so, whether appellant has shown good cause under the new statute and is entitled to discovery. If the trial court determines that appellant has shown good cause under the new statute, the trial court is instructed to proceed with the discovery provisions of newly-amended R.C. 2953.21

and then determine the merits of the petitions supporting its decision with the requisite findings of facts and conclusions of law. If, on the other hand, the trial court determines that appellant has failed to show good cause under the new statute and is therefore not entitled to discovery, the trial court is instructed to make the requisite findings of fact and conclusions of law necessary to support its denial of appellant's PCR petitions in compliance with our holding under appellant's third assignment of error. We note that pursuant to newly-amended R.C. 2953.21, whether a trial court denies or grants a capital defendant's PCR petition, the court shall make and file findings of fact and conclusions of law, and "the findings of fact and conclusions of law shall state specifically the reasons" for "the dismissal of the petition and of each claim it contains," or "for the finding of grounds for granting the relief, with respect to each claim contained in the petition."

{¶ 48} To that extent only, appellant's second assignment of error is sustained.

{¶ 49} Assignment of Error No. 5:

{¶ 50} THE TRIAL COURT ERRED WHEN IT FOUND THE SECOND GROUND FOR RELIEF PROCEDURALLY BARRED AND DENIED APPELLANT DISCOVERY, AN EVIDENTIARY HEARING AND RELIEF.

{¶ 51} Assignment of Error No. 6:

{¶ 52} THE TRIAL COURT ERRED WHEN IT FOUND THE THIRD GROUND FOR RELIEF PROCEDURALLY BARRED AND DENIED APPELLANT DISCOVERY, AN EVIDENTIARY HEARING AND RELIEF.

{¶ 53} Assignment of Error No. 7:

{¶ 54} THE TRIAL COURT ERRED WHEN IT FOUND THE FOURTH GROUND FOR RELIEF BARRED BECAUSE IT HAD BEEN RAISED ON DIRECT APPEAL AND DENIED APPELLANT DISCOVERY, AN EVIDENTIARY HEARING AND RELIEF.

{¶ 55} Assignment of Error No. 8:

{¶ 56} THE TRIAL COURT ERRED WHEN IT FOUND THE FIFTH AND SIXTH GROUNDS FOR RELIEF BARRED BECAUSE THEY HAD BEEN RAISED ON DIRECT APPEAL AND DENIED APPELLANT DISCOVERY, AN EVIDENTIARY HEARING AND RELIEF.

{¶ 57} Assignment of Error No. 9:

{¶ 58} THE TRIAL COURT ERRED WHEN IT: A) FOUND THE SEVENTH AND TWELFTH GROUNDS FOR RELIEF PROCEDURALLY BARRED BECAUSE THEY HAD BEEN RAISED ON DIRECT APPEAL AND B) DENIED APPELLANT DISCOVERY, AN EVIDENTIARY HEARING AND RELIEF.

{¶ 59} Assignment of Error No. 10:

{¶ 60} THE TRIAL COURT ERRED WHEN IT FOUND THE EIGHTH, THIRTEENTH, AND FOURTEENTH GROUNDS BARRED BECAUSE THEY HAD BEEN RAISED ON DIRECT APPEAL AND DENIED APPELLANT DISCOVERY, AN EVIDENTIARY HEARING AND RELIEF.

{¶ 61} Assignment of Error No. 11:

{¶ 62} THE TRIAL COURT ERRED WHEN IT FOUND THE NINTH GROUND FOR RELIEF PROCEDURALLY BARRED BECAUSE IT HAD BEEN RAISED ON DIRECT APPEAL AND DENIED APPELLANT DISCOVERY, AN EVIDENTIARY HEARING AND RELIEF.

{¶ 63} Assignment of Error No. 12:

{¶ 64} THE TRIAL COURT ERRED WHEN IT FOUND THE TENTH AND ELEVENTH GROUNDS FOR RELIEF WERE PROCEDURALLY BARRED BECAUSE THEY WERE RAISED ON DIRECT APPEAL AND DENIED APPELLANT DISCOVERY, AN EVIDENTIARY HEARING AND RELIEF.

{¶ 65} Assignment of Error No. 13:

{¶ 66} THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT DISCOVERY, AND AN EVIDENTIARY HEARING ON THE SIXTEENTH GROUND FOR RELIEF.

{¶ 67} In his fifth through twelfth assignments of error, appellant argues the trial court improperly denied his PCR petitions on the basis of res judicata. In his thirteenth assignment of error, appellant argues the trial court erred in denying relief on the ground "the allegations one through fifteen of said petition do not present any error which can accumulate to justify said relief." These assignments of error are moot given our holding and reversal in appellant's third assignment of error. *See State v. Guenther*, 9th Dist. Lorain No. 06CA008914, 2007-Ohio-681; App.R. 12(A)(1)(c).

{¶ 68} Judgment affirmed in part and reversed in part, and the matter is remanded for further proceedings consistent with this opinion.

HENDRICKSON, P.J., and RINGLAND, J., concur.