[Cite as *State v. Lawrence*, 2019-Ohio-2788.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

|  |  |  |
|---|---|---|
| STATE OF OHIO, | : | |
| Appellee, | : | CASE NO. CA2018-11-208 |
| - vs - | : | O P I N I O N <br> 7/8/2019 |
| | : | |
| DUSTIN TREVINO LAWRENCE, | : | |
| Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2016-10-1598

Michael T. Gmoser, Butler County Prosecuting Attorney, Willa Concannon, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for appellee

Dustin Lawrence, #A734-936, Lorain Correctional Institution, 2075 South Avon-Belden Road, Grafton, Ohio 44044, pro se

**RINGLAND, P.J.**

{¶ 1} Appellant, Dustin Lawrence, appeals a decision of the Butler County Court of Common Pleas overruling in part his petition for postconviction relief. For the reasons set forth below, we affirm.

{¶ 2} In October 2016, Lawrence was indicted on one count of gross sexual imposition, five counts of rape, one count of kidnapping, and one count of domestic violence.

The charges stemmed from an incident involving S.K., the minor daughter of Lawrence's girlfriend, who Lawrence was accused of sexually assaulting in the home where he and S.K.'s mother lived. Lawrence pled not guilty to the charges. After a three-day jury trial, the jury found him guilty of all counts. The trial court merged several of the counts for sentencing purposes, and ultimately, Lawrence was sentenced to an aggregate mandatory sentence of 33 years in prison. Lawrence then filed a direct appeal related to his convictions, which remains pending with this court.

{¶ 3} Thereafter, in August 2018, Lawrence filed a petition for postconviction relief, wherein he argued his sentence was in violation of due process and that he was denied the effective assistance of counsel. In support of his ineffective assistance of counsel allegation, Lawrence attached an unanswered discovery request mailed to the Bureau of Criminal Investigation ("BCI") – London office; a May 3, 2016 BCI Report; a Forensic Science Magazine article; and a New York Times article.

{¶ 4} At the same time, Lawrence also filed a motion for postconviction discovery. In his motion, Lawrence indicated he was requesting documents and material related to the DNA evidence in the underlying case, and indicated the information was necessary to uncover evidence to support his postconviction grounds for relief.

{¶ 5} In October 2018, the trial court granted in part and denied in part Lawrence's petition for postconviction relief. In its decision, the trial court set aside its sentencing of Lawrence, but denied the request in all other respects.[1] In denying the request for postconviction relief, the trial court indicated that res judicata applied to Lawrence's claims and that he failed to set forth sufficient operative facts to establish any grounds for relief. It

1. When the trial court granted Lawrence's petition for postconviction relief as to his sentence, it concluded that he was entitled to a new sentencing hearing. Due to the trial court's decision, in February 2019 we remanded Lawrence's direct appeal to the trial court to conduct another sentencing hearing. We note that neither the remand nor Lawrence's resentencing affect our ability to decide the instant appeal.

further noted that Lawrence had failed to show good cause for vacating his conviction or setting an evidentiary hearing to address his request.

{¶ 6} Similarly, the trial court also denied Lawrence's motion for postconviction discovery, finding that Lawrence failed to show good cause for the request and that the request was based upon pure speculation.

{¶ 7} Lawrence now appeals, raising two assignments of error.

{¶ 8} Assignment of Error No. 1:

{¶ 9} THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT FAILED TO GRANT APPELLANT RELIEF OR, AT A MINIMUM, AN EVIDENTIARY HEARING, CONTRARY TO R.C. 2953.21 AND THE APPELLANT'S RIGHT TO DUE PROCESS GUARANTEED BY THE OHIO AND U.S. CONSTITUTIONS.

{¶ 10} In his first assignment of error, Lawrence argues that the court erred in dismissing the petition without holding an evidentiary hearing because his direct appeal has not yet been decided and he has presented evidence outside the appellate record that his counsel was ineffective.

{¶ 11} Petitions for postconviction relief are governed by R.C. 2953.21, which states, in pertinent part:

> (A)(1)(a) Any person who has been convicted of a criminal offense * * * and who claims that there was such a denial or infringement of the person's rights as to render the judgment void or voidable under the Ohio Constitution or the constitution of the United States * * * may file a petition in the court that imposed sentence, stating the grounds for relief relied upon, and asking the court to vacate or set aside the judgment or sentence or to grant other appropriate relief.

{¶ 12} A postconviction proceeding is not an appeal of a criminal conviction, but a collateral civil attack on a criminal judgment. *State v. Calhoun*, 86 Ohio St.3d 279, 281 (1999); *State v. Bell*, 12th Dist. Butler No. CA2001-08-197, 2002 Ohio App. LEXIS 1351, *2

(March 25, 2002). A trial court properly denies a postconviction relief petition without a hearing if the supporting affidavits, the documentary evidence, the files, and the records of the case do not demonstrate that the petitioner set forth sufficient operative facts to establish substantive grounds for relief. *State v. Dillingham*, 12th Dist. Butler Nos. CA2012-02-037 and CA2012-02-042, 2012-Ohio-5841, ¶ 8.

{¶ 13} In a postconviction petition asserting ineffective assistance of counsel, such as the case here, the petitioner must first show that "his trial counsel's performance was deficient; and second, that the deficient performance prejudiced the defense to the point of depriving the appellant of a fair trial." *State v. Widmer*, 12th Dist. Warren No. CA2012-02-008, 2013-Ohio-62, ¶ 132. A trial counsel's performance will not be deemed ineffective unless the petitioner demonstrates that "counsel's representation fell below an objective standard of reasonableness and that there exists a reasonable probability that, were it not for counsel's errors, the result of the proceeding would have been different." *State v. Ullman*, 12th Dist. Warren No. CA2002-10-110, 2003-Ohio-4003, ¶ 43; *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052 (1984). A petitioner's failure to satisfy either prong is fatal to an ineffective assistance of counsel claim. *State v. Ayers*, 12th Dist. Warren Nos. CA2010-12-119 and CA2010-12-120, 2011-Ohio-4719, ¶ 49; *State v. Madrigal*, 87 Ohio St.3d 378, 389 (2000).

{¶ 14} A trial court's decision resolving a postconviction claim of ineffective assistance of counsel "will be upheld absent an abuse of discretion when the trial court's finding is supported by competent and credible evidence." *Widmer*, 2013-Ohio-62 at ¶ 133. "The term 'abuse of discretion' connotes more than an error of law or of judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *State v. Thornton*, 12th Dist. Clermont No. CA2012-09-063, 2013-Ohio-2394, ¶ 34; *State v. Hancock*, 108 Ohio St. 3d 57, 2006-Ohio-160, ¶ 130.

{¶ 15} Lawrence contends the trial court abused its discretion in denying his petition without a hearing. He argues he was entitled, at a minimum, to an evidentiary hearing because he supported his ineffective assistance of counsel claim with evidence outside of the record. Specifically, Lawrence believes the documents attached to his petition show that his trial counsel failed to adequately investigate the known flaws in Y-STR DNA testing, which would have provided Lawrence with a viable defense and could have been used to impeach the state's witnesses. We disagree.

{¶ 16} At trial, the state presented testimony from Timothy Augsback, an expert in DNA. Augsback explained the DNA analysis and testing he performed on evidence taken from S.K.'s rape kit, which included Y-STR DNA testing. Y-STR testing is a type of DNA testing which detects only the male Y-chromosomes, and is typically done where DNA evidence includes a mixture of male and female DNA. *See State v. Prade*, 126 Ohio St.3d 27, 2010-Ohio-1842, ¶ 21-22. Pursuant to Augsback's testimony, Y-STR testing alone cannot uniquely identify a particular person because the exact same Y chromosome profile is passed down paternally from father to son. The results of Y-STR testing either exclude the individual and his paternal relatives or cannot exclude the individual and any of his paternal relatives.

{¶ 17} According to Augsback, the Y-STR DNA test indicated an unknown male DNA profile was present in the vaginal samples taken from S.K.'s rape kit. After a comparison with Lawrence's DNA sample, Augsback concluded that Lawrence's DNA was consistent with the unknown male DNA, and therefore, neither Lawrence nor any of his paternal male relatives could be eliminated as the source of the Y-STR DNA profile. The estimated frequency of the profile was 1 in 115.

{¶ 18} On cross-examination, Lawrence's trial counsel challenged the accuracy and reliability of the Y-STR DNA testing evidence, in addition to the strength of the results

considering the low frequency of 1 out of 115. Lawrence's trial counsel did not present competing expert witness testimony regarding the DNA evidence or the potential results of a more credible DNA test, which Lawrence now claims was unreasonable given the weight of the inculpatory evidence.

{¶ 19} However, Lawrence's argument overlooks that in many criminal cases, trial counsel's decision not to seek expert testimony "is unquestionably tactical because such an expert might uncover evidence that further inculpates the defendant." *State v. Glover*, 12th Dist. Clermont No. CA2001-12-102, 2002-Ohio-6392, ¶ 25. It is well settled that debatable strategic and tactical decisions may not form the basis of a claim for ineffective assistance of counsel, even if a better strategy had been available. *See State v. Phillips*, 74 Ohio St.3d 72, 85 (1995). Further, the failure to call an expert and instead rely on cross-examination does not constitute ineffective assistance of counsel. *State v. Nicholas*, 66 Ohio St.3d 431, 436 (1993); *State v. Hartman*, 93 Ohio St.3d 274, 299 (2001).

{¶ 20} We also note that Y-STR DNA evidence is admissible in Ohio. *See State v. Metcalf*, 12th Dist. Butler CA2010-12-326, 2012-Ohio-674, ¶ 27. DNA evidence expressed in terms of population frequency, like the evidence presented here, is admissible if it is relevant. *State v. Foust*, 105 Ohio St.3d 137, 2004-Ohio-7006, ¶ 85. Questions regarding the reliability of DNA evidence in a given case, including DNA statistics on population frequency, go to the weight of the evidence rather than its admissibility. *Id.* "The trier of fact * * * can determine whether DNA evidence is reliable based on the expert testimony and other evidence presented." *State v. Lang*, 129 Ohio St.3d 512, 2011-Ohio-4215, ¶ 78.

{¶ 21} In light of the above, we find that Lawrence has failed to show his trial counsel's performance was defective. Rather, the record supports that sound trial strategy, not deficient performance, dictated Lawrence's trial counsel's decision not to present expert testimony and instead to challenge the credibility and reliability of the Y-STR DNA evidence

through cross-examination. Moreover, it was left to the jury to determine the reliability of the Y-STR DNA evidence and Augsback's testimony.

{¶ 22} We also find that Lawrence has failed to demonstrate that if his trial counsel had further challenged the DNA evidence, the result of the proceeding would have been different. As the trial court noted here, even without DNA testing results, the jury heard, and presumably considered, testimony from the victim, S.K., "corroborating testimony of other fact witnesses, along with evidence of clinical findings of such things as the victim's bruised inner thigh and upper arms, abrasions to her vagina and a torn hymen." Consequently, Lawrence has failed to show that, but for trial counsel's failure to attack the Y-STR DNA testing, the jury's consideration of this matter would have been different. "A court hearing an ineffectiveness claim must consider the totality of the evidence before the judge or jury." *Strickland*, 466 U.S. 668 at paragraph 2(b) of the syllabus. Thus, given the amount of credible evidence in favor of Lawrence's guilt, as well as the evidence already before the jury regarding the reliability of the Y-STR testing, Lawrence has failed to demonstrate that counsel's failure to further investigate the DNA testing deprived him of "a trial whose result is reliable." *Id.* at 687.

{¶ 23} As such, we find Lawrence has failed to set forth sufficient operative facts to establish substantive grounds for relief. Therefore, the trial court did not abuse its discretion in denying his petition for postconviction relief without a hearing, and Lawrence's first assignment of error is overruled.

{¶ 24} Assignment of Error No. 2:

{¶ 25} THE TRIAL COURT ERRED AND ABUSED ITS DISCRETION WHEN IT DENIED APPELLANT'S MOTION FOR POST-CONVICTION DISCOVERY DENYING APPELLANT THE RIGHT TO DUE PROCESS GUARANTEED BY THE OHIO AND U.S. CONSTITUTIONS.

{¶ 26} Lawrence argues the trial court abused its discretion when it denied his motion for postconviction discovery. Specifically, Lawrence claims the discovery was necessary to establish his ineffective assistance of counsel claim.

{¶ 27} A petitioner seeking postconviction relief is also not automatically entitled to discovery to support his claim for relief. Again, "[a] postconviction proceeding is not an appeal of a criminal conviction but, rather, a collateral civil attack on the judgment." *Calhoun*, 86 Ohio St.3d 279 at 281. In turn, because postconviction relief is not a constitutional right, "it affords a petitioner no rights beyond those granted by the controlling statute." *State v. Lawson*, 12th Dist. Clermont No. CA2011-07-056, 2012-Ohio-548, ¶ 16. According to R.C. 2953.21,

> At any time in conjunction with the filing of a petition for postconviction relief under division (A) of this section by a person who has been sentenced to death, or with the litigation of a petition so filed, the court, for good cause shown, may authorize the petitioner in seeking the postconviction relief and the prosecuting attorney of the county served by the court in defending the proceeding, to take depositions and to issue subpoenas and subpoenas duces tecum in accordance with divisions (A)(1)(d), (A)(1)(e), and (C) of this section, and to any other form of discovery as in a civil action that the court in its discretion permits.

{¶ 28} By the plain language of the statute, its grant of discovery does not apply to Lawrence's petition. The statute allows capital petitioners to obtain discovery in aid of their postconviction relief petition if good cause is shown. *State v. Ketterer*, 12th Dist. Butler No. CA2016-08-166, 2017-Ohio-4117, ¶ 46. Here, Lawrence was not sentenced to death, and therefore, the statute's allowance of discovery is inapplicable to Lawrence's petition.

{¶ 29} Although a petitioner is not automatically entitled to discovery, discovery may be warranted when the petitioner sets forth operative facts that would demonstrate a substantive claim for relief. *Lawson* at ¶ 18. A petitioner sets forth operative facts by attaching documentary evidence dehors the record, which if true constitute a constitutional

error in his case. *Id.*

{¶ 30} The granting or overruling of discovery motions rest within the sound discretion of the trial court. *State v. Stojetz*, 12th Dist. Madison No. CA2009-06-013, 2010-Ohio-2544, ¶ 75. Rather than a mere error of law or judgment, an abuse of discretion implies that the trial court's decision was unreasonable, arbitrary, or unconscionable. *Hancock*, 2006-Ohio-160 at ¶ 130.

{¶ 31} After a thorough review of the record, and as we have already discussed in overruling Lawrence's first assignment of error, we find Lawrence's petition failed to set forth any facts that would demonstrate a substantive claim for relief. As noted above, the trial court properly determined that Lawrence's claim alleging ineffective assistance of counsel lacked merit. Moreover, Lawrence has failed to provide any material evidence outside the record which demonstrates any potential claim for ineffective assistance of counsel. As the trial court noted, after considering Lawrence's petition and the documents attached, it is pure speculation that further pursuit of DNA evidence would have been or could be beneficial to Lawrence at all. Therefore, we find no abuse of discretion in the trial court's decision not to hold an evidentiary hearing and to deny Lawrence's request to conduct discovery in this matter. Accordingly, Lawrence's second assignment of error is overruled.

{¶ 32} Judgment affirmed.

S. POWELL and PIPER, JJ., concur.