[Cite as *State v. Lavender*, 2021-Ohio-4274.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

|                        |   |                                                |
|------------------------|---|------------------------------------------------|
| STATE OF OHIO,         | : | APPEAL NO. C-210151<br>TRIAL NO. B-1700948     |
| Plaintiff-Appellee,    | : |                                                |
| vs.                    | : | *O P I N I O N.*                               |
| ANDREW LAVENDER,       | : |                                                |
| Defendant-Appellant.   | : |                                                |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal:  December 8, 2021

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *Philip R. Cummings*, Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Office of the Ohio Public Defender*, *Patrick T. Clark*, Chief Counsel, and *Charlyn Bohland*, Supervising Attorney, for Defendant-Appellant.

**MYERS, Presiding Judge**.

{¶1}    Defendant-appellant Andrew Lavender appeals the Hamilton County Common Pleas Court's judgment denying his R.C. 2953.21 petition for postconviction relief.  We reverse the court's judgment, because its findings of fact and conclusions of law denying the petition did not conform with the requirements of R.C. 2953.21(H) and prevent us from meaningfully reviewing Lavender's appeal.  We remand the case so that the court can make the appropriate findings and conclusions.

{¶2}    In 2018, Lavender was convicted of aggravated murder and sentenced to life in prison without the possibility of parole.  In the direct appeal, we affirmed his conviction.  *State v. Lavender*, 2019-Ohio-5352, 141 N.E.3d 1000 (1st Dist.), *appeal not accepted*, 159 Ohio St.3d 1435, 2020-Ohio-3634, 148 N.E.3d 576.

{¶3}    Lavender also challenged his conviction in a timely filed postconviction petition.  The common pleas court declined to conduct an evidentiary hearing or permit discovery and entered findings of fact and conclusions of law denying the petition.

{¶4}    In this appeal from the denial of his postconviction petition, Lavender presents two assignments of error, challenging the common pleas court's conclusions that his postconviction claims were barred under the doctrine of res judicata and were not supported by credible evidence.  To the extent that those challenges go to the adequacy of the court's findings of fact and conclusions of law, we find them to be well taken.

{¶5}    R.C. 2953.21(H) requires the common pleas court to make and file findings of fact and conclusions of law when the court does not find grounds for granting postconviction relief.  Findings of fact and conclusions of law are "essential in order to prosecute an appeal," because  "[w]ithout them, a petitioner knows no more than [that] he lost and hence is effectively precluded from making a reasoned

appeal," and the appeals court is precluded from "meaningful judicial review." *State v. Calhoun*, 86 Ohio St.3d 279, 291, 714 N.E.2d 905 (1999), quoting *State ex rel. Carrion v. Harris*, 40 Ohio St.3d 19, 530 N.E.2d 1330 (1988), and *State v. Mapson*, 1 Ohio St.3d 217, 219, 438 N.E.2d 910 (1982). Thus, the adequacy of those findings of fact and conclusions of law is determined by reference to the purposes served by the requirement: "to apprise petitioner of the grounds for the judgment of the trial court and to enable the appellate courts to properly determine appeals in such a cause." *Harris* at 19, quoting *Jones v. State*, 8 Ohio St.2d 21, 22, 222 N.E.2d 313 (1966). *Accord Calhoun* at 291; *State v. Poindexter*, 1st Dist. Hamilton No. C-890734, 1991 WL 30613, *13 (1991).

{**¶6**} Moreover, the postconviction statutes "mandate[] * * * a 'deliberative process,' requiring the common pleas court to not just 'make' findings of fact and conclusions of law, but to do so based upon its consideration of the petition, supporting affidavits, documentary evidence, and the files and records of the proceedings leading to the petitioner's conviction, to determine whether 'there are substantive grounds for relief.' " *State v. Pickens*, 2016-Ohio-5257, 60 N.E.3d 20, ¶ 18 (1st Dist.), quoting former R.C. 2953.21(C) and *State v. Roberts*, 110 Ohio St.3d 71, 2006-Ohio-3665, 850 N.E.2d 1168, ¶ 162-163; *see* R.C. 2953.21(D) and (H). Thus, findings of fact and conclusions of law are adequate to their purposes only if "they cover and pertain to the material and determinative issues presented in the petition and adequately apprise the petitioner and the reviewing court of the legal and evidentiary bases for the decision denying the petition." *Id.* at ¶ 18, citing *Calhoun* at 291-292.

{**¶7**} In his petition as amended, Lavender advanced 12 grounds for relief. He alleged that he had been denied the effective assistance of trial counsel, and that the trial court had erred, concerning informant and eyewitness-identification testimony and text-message evidence. And he alleged that his trial counsel had been

ineffective concerning the requirement under the Eighth Amendment to the United States Constitution, of individualized sentencing for a child facing a prison term of life without the possibility of parole.

{¶8} In the findings of fact and conclusions of law contained in the entry denying Lavender's petition, the common pleas court did not specify those grounds for relief, but instead summarized them as follows: "Defendant claims he was denied effective assistance of counsel at trial and other issues." The court then set forth alternative bases for denying postconviction relief without a hearing, concluding that the petition was barred under the doctrine of res judicata, and that the petition and its supporting evidence did not demonstrate substantive grounds for relief. We find those findings of fact and conclusions of law inadequate to the purposes of the statutory mandate, rendering it impossible for us to meaningfully review the challenge on appeal.

{¶9} Findings of fact and conclusions of law that summarily dismiss postconviction claims under the doctrine of res judicata must "specify the portions of the files and records which establish the bar." *State v. Lester*, 41 Ohio St.2d 51, 55, 322 N.E.2d 656 (1975). In denying Lavender's petition, the common pleas court stated that "[t]he doctrine of res judicata bars a court from conducting a hearing on a post-conviction petition where the claims raised in the petition either were raised or could have been raised at trial and on direct appeal." But the court did not specify which postconviction claims (if any) were barred by res judicata. Nor did the court specify those parts of the record found to have established the bar. *See State v. Ketterer*, 2017-Ohio-4117, 92 N.E.3d 21, ¶ 38 (12th Dist.), *appeals not accepted*, 151 Ohio St.3d 1455, 2017-Ohio-8842, 87 N.E.3d 222 (holding that a "conclusory finding" that petitioner was entitled to no relief because res judicata barred the petition did not provide the appeals court with adequate reasons to evaluate whether that conclusion was erroneous); *State v. Canada*, 10th Dist. Franklin No. 16AP-7,

4

2016-Ohio-5948, ¶ 22-27, *appeals not accepted*, 149 Ohio St.3d 1434, 2017-Ohio-4396, 76 N.E.3d 1209 (deeming inadequate findings of fact and conclusions of law that did not specifically state which postconviction claims were barred by res judicata); *State v. Guenther*, 9th Dist. Lorain No. 06CA008914, 2007-Ohio-681, ¶ 8-9 (holding that findings of fact and conclusions of law were insufficient when the appeals court could not determine what parts of the record were believed to have established the bar of res judicata).

{¶10} Similarly, in concluding that the petition and its supporting evidence did not demonstrate substantive grounds for relief, the common pleas court did not specify which of Lavender's postconviction claims were subject to dismissal for that reason. Nor did the court describe or discuss the substantive issues presented by, or the evidence offered in support of, the claims. Instead, the court summarily concluded that "[n]o ineffective assistance of counsel is demonstrated," because the supporting affidavits were "entitled to little weight," and because the credibility of those affidavits was "inconsequential" when they "provide additional background information or potential alternative strategies for trial, but do not rise to the level of showing [a] constitutional violation." Thus, the findings of fact and conclusions of law were not adequate to their purposes, when they did not address the material and determinative issues presented by the petition or apprise Lavender or this court of the legal or evidentiary bases for the conclusion that the petition and its supporting evidence did not demonstrate substantive grounds for relief. *See State v. Issa*, 1st Dist. Hamilton No. C-000091, 2000 WL 1434159 (Sept. 29, 2000) (findings of fact and conclusions of law did not "address a determinative issue and provide a basis for a resolution of that issue"); *State v. Crossley*, 2d Dist. Clark No. 2020-CA-10, 2020-Ohio-6640, ¶ 35, following *Canada* at ¶ 20 (findings of fact and conclusions of law did not specifically address an ineffective-counsel claim or sufficiently explain discounting the credibility of supporting affidavits); *Ketterer* at ¶ 38 (findings of fact

and conclusions of law "generically label[ed]," then summarily denied, multiple postconviction claims and did not indicate review of supporting evidence); *Guenther* at ¶ 8-9 (findings of fact and conclusions of law that did not specifically address postconviction claims).

{¶11} We hold that the common pleas court erred to the prejudice of Lavender when it denied his postconviction petition upon findings of fact and conclusions of law that did not satisfy the statutory mandate. We, therefore, sustain the assignments of error in part, reverse the judgment denying the petition, and remand for findings of fact and conclusions of law conforming with the requirements of R.C. 2953.21(H) and for further proceedings consistent with the law and this opinion. *See Issa* at *1-2 (reversing and remanding because effective appellate review of the denial of a postconviction petition was precluded by inadequate findings of fact and conclusions of law). *Accord Crossley* at ¶ 45; *Ketterer* at ¶ 39; *Canada* at ¶ 27 and 30; *Guenther* at ¶ 9.

Judgment reversed and cause remanded.

**BERGERON** and **CROUSE, JJ.,** concur.

Please note:

The court has recorded its entry on the date of the release of this opinion.