[Cite as *State v. Dubose*, 2024-Ohio-3167.]

# IN THE COURT OF APPEALS
# FIRST APPELLATE DISTRICT OF OHIO
# HAMILTON COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO, | : | APPEAL NO. C-240038 |
| | | TRIAL NO. B-1903561A |
| Plaintiff-Appellee, | : | |
| vs. | : | |
| | | *O P I N I O N.* |
| LADD DUBOSE, SR., | : | |
| Defendant-Appellant. | : | |

Criminal Appeal From:  Hamilton County Court of Common Pleas

Judgment Appealed From Is:  Reversed and Cause Remanded

Date of Judgment Entry on Appeal: August 21, 2024

*Melissa A. Powers*, Hamilton County Prosecuting Attorney, and *Keith Sauter,* Assistant Prosecuting Attorney, for Plaintiff-Appellee,

*Ladd Dubose, Sr.*,  pro se.

**KINSLEY, Judge**.

{¶1}     Defendant-appellant Ladd Dubose, Sr., appeals the judgment of the Hamilton County Court of Common Pleas denying his motion to dismiss his indictment.  Because his motion, inaptly titled, was a petition for postconviction relief, the common pleas court erred by failing to issue findings of fact and conclusions of law in compliance with R.C. 2953.21(H) when denying the petition.  Therefore, we remand this cause so that the court can make the appropriate findings and conclusions.

{¶2}     In March 2020, Dubose pled guilty to one count of trafficking in a fentanyl-related compound and one count of having weapons while under a disability. He was sentenced to five years' imprisonment.  In his direct appeal, we sustained Dubose's single assignment of error challenging his sentence and reversed the postrelease-control portion of his sentence and remanded the cause for the trial court to notify Dubose of his potential postrelease-control obligations.  *State v. Dubose*, 2023 Ohio App. LEXIS 2644 (1st Dist. Aug. 2, 2023).

{¶3}     In September 2023, Dubose filed a motion to dismiss the indictment against him, arguing that his convictions were void because the trial court violated his due process rights by entering judgments of conviction against him when the court lacked subject matter jurisdiction over his case.  The trial court summarily denied the motion.

{¶4}     Dubose now appeals, bringing forth two assignments of error. Determining that his second assignment is dispositive of his appeal, we address that first.

{¶5}     In his second assignment of error, Dubose, claiming that his motion to dismiss was a petition for postconviction relief under R.C. Ch. 2953, contends that the court erred by failing to enter findings of fact and conclusions of law when denying his petition.

**{¶6}** We note that in his motion Dubose did not cite any statute or criminal rule when asking the court to declare his convictions void and dismiss his indictment. Because of that, the common pleas court needed to establish the criteria by which the motion should be judged. *See State v. Bush*, 2002-Ohio-3993. Typically, irregular motions are recast as petitions for postconviction relief when the motion is filed after the direct appeal, claims a denial of constitutional rights, and seeks to render the judgment void. *See State v. Schlee*, 2008-Ohio-545, ¶ 12.

**{¶7}** Here, Dubose filed his motion after his direct appeal, claimed a denial of his constitutional right to due process, and sought to void his convictions. Therefore, the court should have considered Dubose's motion under the postconviction statutes in R.C. Ch. 2953. We briefly note that Crim.R. 12(C) is not applicable to Dubose's motion, as the state argues, because that rule specifically requires motions to dismiss an indictment for lack of subject matter jurisdiction to be made during the "pendency of the proceedings," referring to the trial proceedings leading to the conviction. Because Dubose filed his petition after his direct appeal, and not during the pendency of the trial proceedings, and sought to void his convictions based on a constitutional violation, Ohio's postconviction statutes govern Dubose's motion.

**{¶8}** Under Ohio's postconviction statutes, R.C. 2953.21(H) requires a court to issue findings of fact and conclusions of law when denying a timely-filed petition for postconviction relief. *State v. Lavender*, 2021-Ohio-4274, ¶ 5 (1st Dist.). A petition for postconviction relief is considered timely if it is filed within 365 days of the filing of the transcripts in the petitioner's direct appeal. R.C. 2953.21(A)(2). Here, the transcripts in Dubose's direct appeal were filed on March 7, 2023, and his petition was filed on September 6, 2023, making it timely. Because the common pleas court was required to issue findings and conclusions when denying Dubose's petition, it erred in not doing so. Accordingly, we reverse the common pleas court's judgment and remand

the cause for the lower court to issue findings of fact and conclusions of law in compliance with R.C. 2953.21(H). Dubose's second assignment of error is sustained.

{¶9}    In light of our remand, Dubose's first assignment of error challenging the merits of his petition is moot.

Judgment reversed and cause remanded.

ZAYAS, P.J., and CROUSE, J., concur.


Please note:

The court has recorded its own entry on the date of the release of this opinion.